E. M. Harrington v. F. N. Connor, Receiver.

Filed April 21, 1897. No. 7248.

1. **Substitution of Plaintiff.** Where a transfer of the subject of an action is made by the plaintiff during its pendency, the action may be prosecuted to judgment in the name of the original party plaintiff, or the party to whom the transfer is made may be substituted as plaintiff.

2. **Pleading: Amendments.** Whether an amendment to a pleading shall be allowed after issues have been joined and trial thereof commenced is within the discretion of the trial judge. The discretion is, however, a judicial one and subject to review to ascertain whether there has been an abuse thereof.

3. ———: ———. The action of the trial judge in refusing to allow an amendment to the answer in this case during the trial examined and approved.

4. **Corporations: Stock.** That one person becomes the owner of a majority of all of the shares of stock of the corporation does not work a dissolution of the corporation nor necessarily destroy its identity or individuality as a business concern. Property conveyed to the corporation does not become the property of such person individually.

5. **Banks and Banking: Insolvency: Receivers: Fraud: Sale of Assets.** The receiver of a bank, appointed under the provisions of section 34, chapter 8, Compiled Statutes, takes charge of the assets of such bank in favor of and to assert and guard the claims of depositors and creditors of the bank as the paramount and superior claims against the assets thereof; and in an action by the receiver on any note or evidence of indebtedness of the assets a defense thereto cannot prevail which involves the recognition and enforcement of an agreement which, when made, was a fraud on creditors and depositors of the bank, present and future; and this is true notwithstanding the defense might have been entertainable and good against the bank. *Held, further,* That a purchaser of the assets in a sale by the receiver took the title thereto of the receiver, including its exemption from the defense to an action on an asset to which we have alluded.

Error from the district court of Saline county. Tried below before Hastings, J. *Affirmed.*

*F. I. Foss,* for plaintiff in error.

*Charles Offutt, contra.*

Harrison, J.

On September 13, 1892, Theodore H. Miller, then receiver of the State Bank of Nebraska, at Crete, instituted this action against E. M. Harrington and George D. Stevens. The suit was based upon a promissory note in the principal sum of $5,000, with interest at the rate of ten per cent per annum from date, stated to have been executed by E. M. Harrington, of date May 21, 1892, payable one month after date, and to the order of George D. Stevens. It was pleaded in the petition that the bank was a corporation organized under the laws of this state, and that the note in suit had been, on a day of the month of its execution and delivery, indorsed by George D. Stevens, the payee thereof, and sold and delivered to the State Bank of Nebraska; that on September 9, 1892, Miller was appointed receiver of the bank. After this action was commenced Miller resigned and Frank H. Connor was appointed receiver of the bank. An attachment was procured against Stevens and service was made, as to him, by publication. Personal service of summons was had on Harrington, who filed an answer in the case, in which he stated as follows: "That the facts in relation to the making of said note are as follows: Prior to the making of said note the said George D. Stevens was the cashier of said bank, and so remained for some months thereafter, and until the said bank passed into the hands of said Miller, receiver; that at or about the time of the making of said note it was proposed and intended to reduce the capital stock of said bank from $75,000 to the sum of $50,000; that the said Stevens was in debt to said bank to the amount of $13,000, which was a greater amount than he was allowed by law to carry under the capital of $50,000; that for the purpose of apparently reducing his said indebtedness to an amount within the statutory limit he, the said George D. Stevens, being cashier as aforesaid, took up his note to the bank of $13,000, and in lieu thereof gave his own note for $8,000

and induced this defendant to make, execute, and deliver the note in suit to the said Stevens, for the sole and only purpose of enabling him to indorse the same to the bank in lieu of the remainder of the said $13,000 note; and the defendant alleges that he did so indorse said note to the said bank, and that there was and is no other and further consideration for the said note moved either from said Stevens or said bank to this defendant, or from said bank to said Stevens, and that this defendant received no consideration, nor did the bank give any consideration, for the same, or lose or part with anything of value therefor." The answer in which the foregoing appeared was filed of date October 17, 1892. On May 15, 1893, a second answer was filed for Harrington, in which it was alleged that on January 9, 1893 (some months after this suit was brought), the entire assets, including the note in suit, were, by the order and authority of this court, sold, assigned, and transferred to John R. Johnston, who since that time has been the owner of the note; that George D. Stevens, for several years prior to the time the note in suit was executed, had been and was cashier of the State Bank of Nebraska; that the defendant Harrington was and had been a clerk in the bank during a number of years; that the relations between him and Stevens were of a confidential and friendly nature, and that he executed the note at the request of, and for the accommodation of, Stevens, and without any consideration; that Stevens was the sole owner of the bank, all except five shares of the stock being in his name, and those five being nominally owned by his wife, but controlled and in reality owned by him; that of all these matters Johnston had full knowledge. To this a reply was filed, in which the transfer to Johnston, during the pendency of this suit, of the assets of the bank, including this note, was admitted as stated in the answer. It was also admitted that Stevens had been cashier of the bank as alleged in the answer, also that the defendant Harrington had been a clerk therein as pleaded, and each and every other allega-

tion of the answer was denied.  During the October, 1893, term of the district court in Saline county the cause was tried and the receiver was awarded a verdict and judgment for the amount claimed in the petition.  The plaintiff in error seeks a reversal of the judgment.

One point argued is that after the sale and transfer of the note to John R. Johnston he became the real party in interest, and should have been made a plaintiff or substituted as party plaintiff.  The transfer was during the pendency of the action, and in such cases the action may be continued or further prosecuted in the name of the original party.  (Civil Code, sec. 45; *Howell v. Alma Milling Co.*, 36 Neb., 80, and cases cited.)  The disposition of this question determines a number of assignments of error which related to the action of the trial court in excluding evidence the intent and drift of which would have been to show the acquisition of the note by Johnston and the consequent change of the real party in interest in the suit from the receiver to him.

During the progress of the trial, and after several ineffectual attempts on behalf of defendants to introduce evidence, the defendant having the burden of proof and having been accorded the opening and closing of the case, it having become quite apparent from the rulings of the court that under the existing conditions of the pleadings, or more particularly the answer as it then stood, no evidence would be received on the part of the defendant, the following request was made: "The defendant Harrington now asks permission to withdraw a juror and amend his answer to state therein the fact that there was no consideration for the transfer of the note from George D. Stevens to the State Bank, and that said note was made without any consideration and transferred without any consideration, and that the receiver of said bank took the same directly among the assets of said bank, and that the same was sold by him, long after due, to John R. Johnston, who had formerly been for a number of years the president of the State Bank, and who knew that this

note of his own knowledge had been given without any consideration and transferred to the bank in the same way, and that he purchased it long after due." To this counsel for the receiver objected and the request was refused. This refusal is the subject of one of the assignments of error. The rule in reference to the amendment of pleadings after the issues are fully joined is well settled. Whether the amendment shall be allowed is a matter which rests within the discretion of the trial judge,—the discretion, however, is a judicial one, the abuse of which is subject to review. (*Commercial Nat. Bank v. Gibson*, 37 Neb., 750.) The statement of what it was desired to plead in the answer, for the filing of which leave was asked, shows that it would have been in direct conflict with the answer then on file as to at least one fact, viz., the transfer of the note in suit by Stevens to the bank, and the consideration therefor. This, associated with other circumstances, may have been sufficient to warrant the trial judge in the refusal to permit the amendment, but if the amendment be read into the answer on file, it would still clearly appear that the note was made by defendant and delivered to Stevens, and by him indorsed and delivered to the bank and placed among its assets, presumably to swell their volume and the apparent capital and responsibility of the bank in the eyes and minds of the public who might, as depositors or in business transactions, become the creditors of the bank. In this connection it is urged by counsel for defendant that, inasmuch as it appeared by the answer, and would have been proved had the evidence been admitted, that Stevens, at the time of the execution of the note in suit, owned all the shares of capital stock of the bank, except five owned by his wife, which were controlled by him, that the bank no longer existed as a corporation, or that at least its corporate existence, powers, and functions were suspended, that it became Stevens, the individual, and ceased to exist as a corporation; that the note, though indorsed by Stevens and ostensibly delivered to

the bank, was yet with Stevens, as he owned and was in reality the bank; that any equities existing against the note in favor of defendant were attached to it at all times, as it was during its life, up to the time it reached the receiver, always owned by Stevens, who knew its inception and the infirmity attendant thereon. Though Stevens may have owned a majority of the stock, all but five shares, or all of it, the corporation did not necessarily lose its identity or individuality as a business concern, nor its business powers and capacities, nor did he acquire the right to act for it, or in its transactions, apart or independently from its proper officers and agents, nor did property conveyed to it become his individually. That one person becomes the owner of all the stock does not work a dissolution of the corporation. (Cook, Stock & Stockholders [3d ed.], vol. 1, sec. 631, vol. 2, sec. 709; *Button v. Hoffman*, 61 Wis., 20; 2 Morawetz, Private Corporations, 635.) The note was transferred to and became the property of the corporation.

The receiver of the bank was appointed under the provisions of section 34, chapter 8, Compiled Statutes. The receiver thus appointed took possession and charge of the assets of the bank to guard and assert the rights of depositors and creditors of the bank, as the paramount or superior claims against or upon such assets, to the exclusion, if necessary, of all others, and in an action to recover any of the assets a defense which would not be available or good as against the rights of the creditors of the bank could not prevail against the receiver. The defense which it was sought to interpose on behalf of defendants involved the statement of a fraud which had been practiced upon the rights of depositors and creditors of the bank, present and future; and even if it could be entertained against the bank or corporation, it could not be tolerated in a suit by the receiver, the representative of depositors and creditors. His title to the assets was shorn of any such apparent right or equity in defendant. (*Pittsburg C. Co. v. McMillin*, 119 N. Y., 46; *Alexander v.*

*Relfe*, 74 Mo., 495; *Tuckerman v. Brown*, 33 N. Y., 297; *In re Pennsylvania Bank*, 25 Atl. Rep. [Pa.], 310.) Johnston received the title to the assets, which was vested in the receiver and subject to like and no other equitable defenses. He took the title of his vendor to the note and was entitled to the like protection. (*Koehler v. Dodge*, 31 Neb., 337.) These conclusions being true, if error in not permitting the amendment, it was not prejudicial, as the proposed defense would have been of no avail. This also disposes of the further assignment that the court erred in directing a verdict for plaintiff, which it did; also alleged errors in relation to excluding evidence. No prejudicial error having been assigned, the judgment of the district court must be.

AFFIRMED.