NEBRASKA MOLINE PLOW COMPANY V. WILLIAM R. BLACK-BURN.

FILED JUNE 22, 1905. No. 13,872.

1. **Bona Fide Purchaser.** One is not a *bona fide* purchaser for **value** until he has actually paid the purchase price or become **irrevocably** bound for its payment.

2. **A trustee in bankruptcy** succeeds to the bankrupt's title to **choses** in action, subject to any defense, abatement or counterclaim to which they would have been liable in the hands of the latter.

ERROR to the district court for Scott's Bluff county: HANSON M. GRIMES, JUDGE. *Reversed.*

*O'Neill & Gilbert,* for plaintiff in error.

*R. C. Noleman* and *Gardner & White, contra.*

AMES, C.

J. S. Romine was the owner and in the possession of a stock of merchandise of the general description usually found in country stores, and in which was included certain agricultural implements bought by him from the plaintiff in error, who was plaintiff in the court below. The purchase price of the implements had not been paid, and the contract of purchase provided that title to them should remain in the vendor until it should be paid, and if the vendee should, before payment, "sell out, fail or become insolvent," it should become and be immediately due and payable. On the 14th day of July, 1902, Romine sold and delivered the stock of goods, including the implements, to the defendant Blackburn, the contract with the plaintiff not being of record, and Blackburn having no knowledge or notice of its existence. The purchase price for the stock of goods was satisfied by the transfer by Blackburn to Romine of certain corporate shares in an Ohio institution, of an agreed and actual value of $2,600, and by the execution by the former to the latter of promissory notes for the sum of $14,631.57, secured by mortgages on lands lying without this state. Whether the notes were negotiable in form does not appear and is under the circumstances immaterial, because they were never in fact negotiated or attempted so to be. On the 26th day of the month this action was begun in replevin to recover the possession of the implements, which were of the value, as subsequently found by the jury, of about $750. On the 28th of July, two days after the seizure of the property in replevin, an involuntary petition in bankruptcy was filed

against Romine, upon which there was subsequently an adjudication, and afterwards the notes executed by the defendant in part consideration of the purchase of the stock of goods came into the possession of the trustee in bankruptcy, and were discharged by Blackburn, upon a compromise and settlement, by the payment of $7,000 to the trustee, and some $1,700 to other persons, pursuant to an agreement with his vendor at the time of his purchase. The petition is in the usual form, and the answer is a general denial, and the above related facts are not in dispute. There were a verdict and judgment for the defendant, and the sole question in this proceeding is, are they supported by the evidence? We think the answer must be in the negative. Blackburn bought the property in suit in good faith, but before he had made or had become irrevocably bound to make payment of the purchase price to the extent of at least $13,000 thereof or thereabout, his title failed, and he became fully aware of the fact. As between himself and his vendor, or anyone standing in the shoes of the latter, he became immediately entitled to abate the value of the implements from his purchase price. As has been said, it does not appear that his notes were either negotiated or negotiable, but, if they had been of the latter description, it is not doubted that the trustee in bankruptcy was not in the attitude of an innocent purchaser for value. He merely succeeded to the bankrupt's title to the notes, subject to any defense, abatement or counterclaim to which they would have been liable in the hands of the latter. *Hewit v. Berlin Machine Works,* 194 U. S. 296, 48 L. ed. 986, and cases cited in opinion. Such being the situation, the case falls within the principles of the decisions of this court in *Hedrick v. Strauss,* 42 Neb. 485, and *Bush v. Collins,* 35 Kan. 535. It is true that in these cases the matters under consideration were transactions in fraud of the creditors of the vendor, to which this case is only collaterally related; but obviously the same principles are applicable to this case as to them. One is not a *bona fide* purchaser for value unless he has

actually paid the purchase price or become irrevocably bound for its payment, as, for instance, by giving his negotiable obligation, which has been or may be transferred to an innocent purchaser according to the law merchant, so as to cut off his defense to it. But in this case, whether the defendant's notes were negotiable or not, it is certain that they never were negotiated. Whether in the latter case that fact would affect the result, we are not called upon now to decide.

We are of opinion therefore that the evidence is insufficient to sustain the verdict and judgment, and recommend that they be reversed and a new trial granted.

LETTON and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be reversed and a new trial granted.

REVERSED.

SEDGWICK, J., not sitting.