FIRST NATIONAL BANK OF TRENTON, APPELLANT, V. LINK L. BURNEY ET AL., APPELLEES.

FILED APRIL 20, 1912.   No. 16,569.

1. **Evidence:** PAROL EVIDENCE: NOTES.  "It is not error to submit oral testimony to the jury to show the purpose for which a negotiable promissory note was executed, where such note is sued on by the payee named in the note." *Davis v. Sterns,* 85 Neb. 121.

2. **Contracts:** WRITTEN CONTRACT: CONTEMPORANEOUS PAROL AGREEMENT.  "The existence of a written contract or instrument, duly executed between the parties to an action and delivered, does not prevent the party apparently bound thereby from pleading and proving that contemporaneously with the execution and delivery of such contract or instrument the parties had entered into a

distinct oral agreement which constitutes a condition on which the performance of the written contract or agreement is to depend." *Norman v. Waite*, 30 Neb. 302.

3. **Evidence** examined, and *held* sufficient to sustain the verdict.

OPINION on motion for rehearing of case reported in 90 Neb. 432. *Former judgment vacated, and judgment of district court affirmed.*

FAWCETT, J.

This case was argued and submitted upon a motion for rehearing, our former opinion being reported in 90 Neb. 432. The issues will be found clearly stated in the opinion there reported. It will be observed that the controversy here is between the plaintiff bank and defendant Britton, who was surety upon the note in suit.

The case turns upon the proposition as to whether or not defendant Britton could rely upon the contemporaneous oral agreement set up in his answer, and the performance of the terms and conditions of that agreement, as a defense to the note. The evidence offered by defendants shows that the oral agreement, so far as defendant Britton was concerned, was contemporaneous with the execution by him of the note in suit. The evidence as to the making of the oral agreement and as to what was said and done by the officers of the bank and Burney, after the returns upon the Clarinda shipment had been received, is conflicting. Upon one point, however, there is no conflict, viz., that the draft for the entire proceeds of the shipment was received by the bank. The evidence as to the making of the oral agreement, and of its subsequent performance, being conflicting, that issue was submitted to the jury. The finding of the jury was in favor of defendant Britton. If, therefore, the evidence was properly received, the verdict of the jury must stand. This leaves nothing but the question of law to be considered by us.

Jones, Evidence (2d ed.) sec. 495 (507) says: "The exceptions to the general rule which excludes parol evi-

dence to explain written instruments apply in respect to negotiable paper, as well as to other contracts. We have seen in a former section that wide range is given to the proof when the issue of *fraud* is raised. On the same principle, *illegality, alteration* and *want of consideration* may be shown. As between the original parties, the *conditional delivery* of a note may be shown, as that it was delivered in escrow. So it may be shown, as between the original parties, that the note had been *discharged* by the performance of an oral agreement, or that the delivery was conditioned upon a certain event. * * * It is also admissible to show by parol the capacity and true *relations of the parties,* such as that a signer of a note is a surety, and that this was known to the plaintiff. * * * Nor is it any violation of the rule to show by extrinsic evidence an entirely distinct and *collateral contract,* or to show whether the instrument was given in satisfaction of a former note, or as security therefor; or that the note has been *discharged* by the performance of an agreement."

In *Walters v. Walters,* 34 N. Car. 28, it is held: "Where A gave B a bond for fifty dollars, and, at the same time, it was agreed by parol, that, whenever A paid certain costs in a suit then pending between the parties, the bond should be surrendered and given up, and A afterwards paid the costs; *held,* that this was competent and sufficient evidence of the discharge of the bond."

In *Howard v. Stratton,* 64 Cal. 487, it is held: "In an action upon a promissory note, parol evidence is admissible to show that it was given to secure the performance of an agreement whereby the payee conveyed certain lands to the maker in consideration that the latter should support him during the residue of his life, and that the defendant had performed the conditions of the agreement."

In *Maltz v. Fletcher,* 52 Mich. 484, in an opinion by the eminent Chief Justice Cooley, it is said: "It is always competent to show that a contract sued upon is without consideration. And no rule or policy of the law is violated by allowing proof to be made of the purpose for

which negotiable paper was given or that the purpose does not require that payment should be enforced."

In *Clark v. Ducheneau*, 26 Utah, 97, it is held: "Where, in an action on a note, defendant admitted its execution, parol evidence that it was not given for a loan, as plaintiff contended, but to secure performance of defendant's verbal agreement to purchase certain mining stock for plaintiff, and was to be surrendered on delivery of such stock, and that defendant had fully performed such agreement, was not objectionable as tending to vary or contradict the terms of the note."

In *Oakland Cemetery Ass'n v. Lakins*, 126 Ia. 121, it is held: "Where a note was executed in consideration of other prior agreements between the parties, parol evidence is admissible in an action on the note, to show the entire agreement and that it has been performed." In the opinion by Deemer, C. J., it is said: "The general rule of inadmissibility of parol evidence to contradict, change, or vary the terms of a written instrument, and the reasons underlying the same, are well understood; but there are certain exceptions to that rule, which are not so familiar to the profession, nor so well settled. There seem, however, to be two well-recognized exceptions which are applicable to this case. One is, parol evidence is admissible to show that delivery was subject to a condition that upon a certain contingency or event the contract should not be binding, and the other, such evidence is admissible to show that a note has been discharged by the performance of an undertaking which it was given to secure. Thus it may be shown that what purports to be a written obligation has been discharged in accordance with the terms of a collateral parol agreement."

In the opinion *Gifford v. Fox*, 2 Neb. (Unof.) 30, written by our Mr. Commissioner DAY, is cited as supporting Judge Deemer's conclusions. The syllabus in *Gifford v. Fox* reads: "(1) While parol testimony may not be received to vary or contradict the terms of a promissory note, yet the considerations for which it was given may be

established by parol testimony.   (2) Parol testimony is admissible in an action upon a promissory note to show that it was given to secure the performance of an agreement whereby the payee conveyed to the maker certain lands in consideration that the maker should support the payee during his lifetime, and that the maker had performed the conditions of the agreement." In *Walker v. Haggerty*, 30 Neb. 120, the first paragraph of the syllabus reads: "While parol testimony may not be received to contradict or vary the terms of a promissory note, yet the consideration for which it was given may be established by parol testimony." In *Norman v. Waite*, 30 Neb. 302, it is held: "The existence of a written contract or instrument, duly executed between the parties to an action and delivered, does not prevent the party apparently bound thereby from pleading and proving that contemporaneously with the execution and delivery of such contract or instrument the parties had entered into a distinct oral agreement which constitutes a condition on which the performance of the written contract or agreement is to depend."

In *Barnett v. Pratt*, 37 Neb. 349, Mr. Commissioner IRVINE said: "Further, it is settled by a considerable line of authority that where the execution of a written agreement has been induced upon the faith of an oral stipulation made at the time, but omitted from the written agreement, though not by accident or mistake, parol evidence of the oral stipulation is admissible, although it may add to or contradict the terms of the written instrument.   Among the cases establishing this principle are:   *Chapin v. Dobson*, 78 N. Y. 74; *Ferguson v. Rafferty*, 128 Pa. St. 337.   The same doctrine substantially has been adopted by this court.   *Norman v. Waite*, 30 Neb. 302.   It will be observed that the allegations of the petition and the evidence offered brought the case strictly within this rule."

Finally, we have *Davis v. Sterns*, 85 Neb. 121, which would seem to be decisive of this case.   In the first para-

graph of the syllabus it is held: "It is not error to submit oral testimony to the jury to show the purpose for which a negotiable promissory note was executed, where such note is sued on by the payee named in the note." The opinion on page 127 cites *Walker v. Haggerty, Norman v. Waite* and *Gifford v. Fox, supra,* and quotes with approval from the last named case. The writer has examined numerous other cases from various courts, all to the same effect as those above quoted from.

After a careful reconsideration of the questions involved and the law applicable thereto, we conclude that this case is controlled by the rule announced in *Davis v. Sterns* and *Norman v. Waite, supra,* as shown by the quotations from those two cases above given. It follows that the evidence as to the oral agreement and its performance was properly received.

Our former judgment is therefore vacated, and the judgment of the district court is

AFFIRMED.

BARNES, J., dissenting.

For the reasons given in our former decision of this case, I cannot concur in the foregoing opinion.