WILLIAM SPANGENBERG, APPELLANT, v. GEORGE W. LOSEY ET AL., APPELLEES.

FILED NOVEMBER 10, 1927. No. 25122.

*Prince & Prince,* for appellant.

*Horth, Cleary & Suhr, contra.*

Heard before GOSS, C. J., ROSE, DEAN, DAY, GOOD and EBERLY, JJ.

GOSS, C. J.

Plaintiff appealed from an adverse verdict and judgment thereon dismissing his case against the defendants.

The action was based on a promissory note, executed by the defendants to the plaintiff as payee. The petition was in the usual form and declared on a note for $1,000, dated February 7, 1924, due six months after date, with interest at 8 per cent. per annum. The defendants admitted the signing of the note, denied each and every other allegation of the petition, and alleged that neither defendant received any consideration for signing the note. They further alleged that on June 29, 1923, plaintiff represented to each of them that he had issued a $2,000 check on his bank and had thereby overdrawn his account approximately $1,700, requested the defendants to accommodate him by executing a note under date of June 29, 1923, for $1,000, which he would use as collateral with his bank from which he expected to make a loan to cover said overdraft, stated that they would never be called upon to pay said note, and that he had sufficient other collateral in the form of a chattel mortgage upon which he would soon be able to realize sufficient to take care of the obligation; and defendants alleged that the note sued on is a renewal of the other note, and that the defendants signed the note without consideration, for the accommodation of the plaintiff, and for no other purpose. Plaintiff's reply admitted that the note

sued on was a renewal of the note made by defendants June 29, 1923, and denied all other allegations in the answer except such as are admissions of plaintiff's allegations.

When the defendants rested, and also at the close of the evidence, the plaintiff moved for a verdict in his favor on the ground that, under the pleadings and evidence, the law would not support any other verdict. The motion for new trial and the assignment of errors preserved the points claimed by plaintiff as grounds for reversal, condensed by us as follows: Failure to direct verdict for plaintiff; error in one instruction given and in refusal to give two instructions requested; errors in the introduction of evidence; and error in refusing a new trial on the ground of newly discovered evidence.

The parties to the action and others at Grand Island were interested in seeking oil in Oklahoma. They had an unincorporated association, known as the Grand Island Oil and Gas Association. Their quest for oil had not been successful and their treasury was not well supplied as the result of the sale of shares. They needed $3,000 to pay their drillers in order to proceed with the drilling. At a meeting, the plaintiff and three others advanced $500 each, and it was planned to try to get the defendants to furnish the remaining $1,000. The plaintiff was chairman of the board of directors, had quite a sum invested in the association, and was interested in the continuance of its operations. On June 29, 1923, he got from the defendants their joint note in his favor for $1,000, due in six months, with interest at 8 per cent., and he furnished and paid to the association the balance of the desired money. On February 7, 1924, the defendants executed and delivered to him their renewal note in his favor for a like sum. This is the note in suit. Both notes are in evidence. Neither showed any indorsement by the plaintiff. Plaintiff testified that it was agreed between him and the defendants that he was to advance them $1,000 to pay their shares of the money needed by the association, and that they would pay him their

note. He produced in evidence his check, canceled July 3, 1923, dated "7-12-1923," but intended for July 2, 1923, for $1,000, drawn on his bank, the Commercial State Bank, in favor of the defendants, and bearing on its back as indorsees their names and that of the association, as well as the stamp of the People's State Bank, showing that it was paid by that bank July 3, 1923. Whether of any significance or not, it appears from an inspection of the back of the check that the name "Geo. W. Carr" was written thereon (in pencil) before the paid indorsement was stamped on it by the People's State Bank, and the names "Geo. W. Losey" and "G. I. Gas & Oil Ass'n" were written there after the stamped indorsement was made. There is also in the record the individual ledger account of the oil company, showing a deposit of $1,000 on July 2, 1923. Both defendants testified in general, in support of the plea in their answer, to the effect that the original note was given to accommodate the plaintiff, and for no other consideration, and in denial that the money advanced to the oil company was advanced by plaintiff on their account. The defendant Losey testified that he never saw the $1,000 check until after the suit was begun; and the defendant Carr testified that he never indorsed the check and never saw it until September, 1924. The original note was put in the hands of attorneys for plaintiff for collection, but was renewed by the payment of $49.10 for interest on the old note and revenue stamps on the new and by the execution of the note sued on. The defendant Carr paid for the interest and stamps by his check when he signed the note. He took up the old note and wrote on the back of it in ink the words: "Interest at 8% from date it was drawn until redeemed by the Grand Island Oil and Gas Association, to be paid Carr and Losey." Also, the attorney who secured the renewal having written on the back of the original note the items of interest and stamps, totaling $49.10, the defendant Carr in writing, on the back of the note, divided that total by two and indicated the result as "$24.55 each." Witnesses, other than the parties in interest, did not aid

much, if any, in clearing up the confusion of fact shown in the evidence, which is fairly condensed in the above paragraph.

Seldom is a jury called upon to decide ultimate facts, where the testimony of interested parties is so utterly at variance, and where the written evidence, taken with the oral testimony, renders it most difficult to decide where the truth is. Under our system, the jury is the sole judge of the facts, and we are not permitted to try a jury case *de novo* and reverse it merely because we would come to a different conclusion on the facts. We think there was sufficient evidence on behalf of defendants to warrant submitting the defense to the jury and to support the verdict and judgment.

But appellant's brief earnestly insists that it was error on the part of the trial court to allow the defendants to produce oral testimony as to the purpose for which the note was executed. It is the settled rule in this court that "It is not error to submit oral testimony to the jury to show the purpose for which a negotiable promissory note was executed, where such note is sued on by the payee named in the note." *Davis v. Sterns*, 85 Neb. 121, and cases cited; *First Nat. Bank v. Burney*, 91 Neb. 269; *Exchange Bank v. Clay Center State Bank*, 91 Neb. 835; *Musser v. Musser*, 92 Neb. 387; *Coffman v. Malone*, 98 Neb. 819; *Security Savings Bank v. Rhodes*, 107 Neb. 223.

The appellant charged error in the giving of the second instruction on the court's own motion. This instruction was merely a statement of the defense set up by defendants, and in the fourth instruction the court so informed the jury. Appellant also claims the court erred in refusing his first and third requested instructions to the jury. The first requested a directed verdict and was properly refused; the second was to the effect that, if they found plaintiff was the owner of the note and it was unpaid, then they should find for plaintiff, unless they found that the note was not given for a valuable consideration. The court's eighth instruction told the jury that the law presumed the note to

have been given for a valuable consideration, and that on this point they should find for the plaintiff unless the defendants proved by a preponderance of the evidence that the note was not given for a valuable consideration. He had previously instructed the jury that, if in return for the execution of the note the plaintiff paid the money either to the defendants or paid or loaned it to the oil company, it would be a valuable consideration and entitle the plaintiff to recover. The instructions as given were as favorable as the plaintiff could ask or did request and there was no error in them. From their verdict it would appear that the jury believed that the plaintiff procured the defendants to make the note to use to help his credit, as in effect they pleaded.

Error is claimed by appellant as to the cross-examination of the plaintiff (when he first testified in chief) on matters not referred to in direct examination of the witness. The reason for this assignment is not persuasive. Nothing of any value to defendants or of any harm to plaintiff was elicited by the cross-examination.

The appellant asserts the court erred in permitting the cashier of the bank on which the $1,000 check was drawn to be cross-examined as to the indorsements. This witness was on the stand for a second time at the instance of plaintiff, who was trying to get the check identified and put in evidence, and to prove that it was paid and charged to plaintiff's account. Without offering the check in evidence, plaintiff's counsel turned the witness over and he was questioned on cross-examination as to the relative time of the indorsements of the names and of the bank stamp. This was objected to by counsel for plaintiff, and there might be technical merit, at least, in his objection, were it not for what followed. When the witness was turned back to him for redirect examination, counsel for plaintiff went into the question of the proofs of the indorsed signatures at considerable length. This opened up the whole subject of proofs as to the indorsements and rendered it immaterial whether the cross-examination complained of, which would

have been entirely proper then, should precede or follow the redirect examination on the same subject. In the circumstances, no prejudice to appellant resulted.

One of the grounds for the motion for a new trial was that a witness, now absent from the state, would testify that, at the meeting of the parties interested in the association on June 29, 1923, Spangenberg and three others, including herself, each agreed to advance $500; that Losey stated that he and Carr would advance a like sum if they could borrow the money; that she knows that Spangenberg advanced them the money by check as he had agreed with Losey at the meeting; and that the check went to the credit of the association. But this cannot be said to be testimony the need for which should not have been anticipated from the moment the defendants filed their answer. This testimony, if offered on a retrial, would be corroborative of that of the plaintiff, but it is in no sense newly discovered.

Under the rule binding us to the finding of facts by the jury, and because we find no error in the application of the law by the court, we conclude that the judgment of the district court must be affirmed.

AFFIRMED.