ELMCREEK DITCH COMPANY, APPELLANT, v. H. F. ST. JOHN, APPELLEE.

FILED JUNE 1, 1934. No. 28883.

*Robert Huston,* for appellant.

*N. P. McDonald, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY and PAINE, JJ., and LANDIS, District Judge.

ROSE, J.

This is an action on a 750-dollar promissory note dated March 17, 1930, and payable March 1, 1931. The Elm-creek Ditch Company, plaintiff, is payee and H. F. St. John, defendant, is maker. The note was executed by defendant and delivered to plaintiff. There is no other party to the action. By answer defendant interposed the defense that the consideration for the note wholly failed. Without a jury the cause was tried to the district court. The defense of failure of consideration was sustained by a specific finding of the district court in favor of defendant on that issue and the action was dismissed. Plaintiff appealed.

Plaintiff sold stock and entered upon an irrigating project for the construction of a ditch about 17 miles long for the purpose of conducting water to irrigable lands between the Platte river near Overton in Dawson county

and lands north of Odessa in Buffalo county. Defendant owned 100 acres of land near what would have been the lower end of the 17-mile ditch, if completed. December 28, 1928, defendant subscribed for 50 shares of plaintiff's stock at $25 a share, to be issued by plaintiff "in connection with said lands in accordance with the articles of incorporation and subject to all the terms thereof, payable as set forth in said articles." The articles of incorporation provide that no stockholder shall receive any benefit from his stock except the use of water for irrigation and that water rights acquired by a subscription for stock shall become appurtenant to the land of the subscriber. Defendant did not pay for the stock but, March 17, 1930, gave the note in controversy for $750, the amount of his subscription. One of plaintiff's by-laws provided:

"The Elmcreek Ditch Company shall deliver water to the land of each stockholder where it can be used for the lands for which subscription has been made, or the amount of such subscription which has been paid shall be returned to the subscriber, as herein provided."

There is oral evidence tending to prove that plaintiff executed and delivered the note on the basis of a representation by plaintiff and an understanding with defendant that the former would furnish water for the irrigation of defendant's land in the fall of 1930. The evidence shows that water has never been conveyed by plaintiff to defendant's land and that the lower end of the ditch is four miles away.

It is argued by plaintiff as a ground for reversal that the trial court erred in admitting oral testimony to contradict the terms of the note. In this connection attention is called to an entry close to the lower edge of the note below the signature—"3 assessments on ditch payment." The entry itself, if material, is open to explanation, but plaintiff contends it indicates on the face of the note the consideration therefor and that oral evidence to the contrary was erroneously admitted. The case was tried to

the court without a jury, and the point is immaterial on appeal, if the judgment is supported by sufficient competent evidence.

In an action between the original parties to a negotiable promissory note, "failure of consideration" is a defense authorized by statute. Comp. St. 1929, sec. 62-205; *Yost v. Yost,* 124 Neb. 608. The statutory right to make such a defense necessarily implies the right to prove it by competent evidence. It has been held time and again, in actions by payees against makers, that oral testimony may be admitted to prove the purpose for which a negotiable promissory note is given. *Spangenberg v. Losey,* 116 Neb. 112; *Musser v. Musser,* 92 Neb. 387; *First Nat. Bank v. Burney,* 91 Neb. 269; *Davis v. Sterns,* 85 Neb. 121. The rule applies to a note given for stock in a corporation in reliance upon a promise of payee. *McElhinney v. Harte,* 98 Neb. 229.

The record contains abundant competent evidence to sustain the finding of the trial court that the consideration for the note wholly failed. Plaintiff is not entitled to a trial *de novo* in the supreme court. The finding of the district court is equivalent to a jury's verdict, which will not be set aside on an issue of fact unless clearly wrong. An error prejudicial to plaintiff has not been pointed out or found.

AFFIRMED.