L. A. RICKETTS, TRUSTEE IN BANKRUPTCY, APPELLEE, V. JOHN A. REICHENBACH, APPELLANT.

272 N. W. 254

FILED MARCH 26, 1937. No. 29869.

*Perry, Van Pelt & Marti* and *Schlytern & Kelly,* for appellant.

*R. A. Boehmer, contra.*

Heard before GOSS, C. J., EBERLY, DAY, PAINE and CARTER, JJ., and ELDRED and CHASE, District Judges.

ELDRED, District Judge.

Action brought by L. A. Ricketts, trustee in bankruptcy of Lincoln Safe Deposit Company, bankrupt, plaintiff, appellee, against John A. Reichenbach, defendant, appellant, to recover a balance alleged to be due upon a certain promissory note executed by said defendant, August 8, 1928, to the Lincoln Safe Deposit Company for the sum of $20,800, payable on demand. The answer of the defendant alleges, in substance, that prior to the execution of said note the Lincoln Safe Deposit Company and the Reichenbach Land Company entered into an agreement for the purchase of certain lands in Fremont county, Iowa, including land described as the northeast quarter of section 28, township 69, range 40; that on said August 8, 1928, it became necessary for said Lincoln Safe Deposit Company to make a payment for said above described land; that at the request of said Lincoln Safe Deposit Company and for its accommodation and benefit, without consideration, and solely as a bookkeeping transaction, defendant executed the instrument aforesaid. Further answering, defendant alleges that said instrument has been paid and satisfied by reason of the fulfilment of the contract between the Lincoln Safe Deposit Company and the Reichenbach Land Company, and the division of the land so purchased between them. The reply is a general denial. On trial, the court directed a verdict in favor of the plaintiff and against defendant. Judgment was entered on verdict; motion for new trial was overruled, and defendant has appealed.

In addition to the assignment of error in directing a verdict in favor of plaintiff at close of the evidence, defendant assigns error in the refusal of the court to receive in

evidence the agreement or contract (marked for identification exhibit 2) referred to in defendant's answer; as well as in the exclusion of certain proffered oral testimony.

The appellee contends that the defenses relied upon by the appellant are not available as against the plaintiff, L. A. Ricketts, as trustee of Lincoln Safe Deposit Company, bankrupt, and cites in support of his contention *Harrington v. Connor*, 51 Neb. 214, 70 N. W. 911, and some authorities from other jurisdictions. In the cited case of *Harrington v. Connor*, it is stated: "In an action by the receiver on any note or evidence of indebtedness of the assets a defense thereto cannot prevail which involves the recognition and enforcement of an agreement which, when made, was a fraud on creditors and depositors of the bank, present and future; and this is true notwithstanding the defense might have been entertainable and good against the bank." That case involved a question of fraud against creditors and depositors of bank at the time of execution of note, participated in by the maker. The case at bar is free from any intimation of fraud; and, further, the question has been disposed of by a later case of this court, adversely to appellee's contention.

"A trustee in bankruptcy succeeds to the bankrupt's title to choses in action, subject to any defense, abatement or counterclaim to which they would have been liable in the hands of the latter." *Nebraska Moline Plow Co. v. Blackburn*, 74 Neb. 246, 104 N. W. 178. The holding there announced is adhered to, and this case must be disposed of as if it were a suit by the payee of the note against the maker. The contract, exhibit 2, appears to have been the inception of the transactions during which, and as a part thereof, the note sued upon was executed. The contract provides for the exchange of certain lands in Iowa by the first parties, one Wenstrand *et al.*, to Reichenbach Land Company and Lincoln Safe Deposit Company, second parties, for lands owned or controlled by the second parties in Brown county, Nebraska. The defendant contends that it developed, during the consummation of said exchange,

that the sum of $20,800 would have to be advanced to secure the title to the quarter of the Iowa land heretofore described; that one Elinor Elder, secretary of the president of the Lincoln Safe Deposit Company, C. C. Carlsen, in the absence of said Carlsen, advised the defendant that a telegram had been received from the attorney for said company at Sidney, Iowa, to the effect that it was necessary that $20,800 be wired to a bank in Iowa by a time stated, in order that said deal could be closed; that, in the absence of Carlsen, the president of the Lincoln Safe Deposit Company, his secretary, Miss Elder, presented the matter to the defendant; that she did not want to send the draft without some authorization or some instrument of some kind as a bookkeeping proposition to show that she was authorized so to do; that the defendant, as an accommodation to Lincoln Safe Deposit Company, signed a note for such amount as a bookkeeping transaction, without receiving any consideration therefor; that the land for which it was necessary to advance said payment was conveyed to the second parties to said contract, two-thirds thereof being the property of the Reichenbach Land Company, one-third the property of the Lincoln Safe Deposit Company, the payee of the note; that a loan was made upon said land in the sum of $12,000, and the proceeds thereof applied as a payment on the note; that the Reichenbach Land Company paid two-thirds of the balance unpaid, after the proceeds of loan were credited thereon; that the remaining one-third was the liability of the payee of the note, who had received title to a one-third interest in said property; and if any liability ever existed on said note, it was satisfied thereby. Some oral testimony was offered and admitted tending to establish defendant's position. The contract, exhibit 2, illuminates and helps to explain the transaction which is the subject of this action, and substantiates the oral testimony offered to show the purpose for which the note was given.

"In an action by the payee in a negotiable promissory note against the maker, oral testimony is admissible to

prove the purpose for which the note was given." *Elm-creek Ditch Co. v. St. John,* 127 Neb. 253, 255 N. W. 16. See *Spangenberg v. Losey,* 116 Neb. 112, 216 N. W. 191.

"In an action on a promissory note, the defense that the note is given for the accommodation of the plaintiff and without consideration may be established by parol evidence." *Bennington State Bank v. Petersen,* 114 Neb. 420, 207 N. W. 673; *Luikart v. Meierjurgen,* 124 Neb. 816, 248 N. W. 379. The contract, exhibit 2, should have been received in evidence.

Objection was sustained to testimony offered to show that the Reichenbach Land Company had executed a deed to the 6,760 acres of land in Brown county referred to in the contract, exhibit 2. A conveyance by the Reichenbach Land Company of the land in Brown county was not material under the issues being tried; its exclusion was not error.

By question No. 55, an appropriate offer, the appellant sought to show that the purpose of signing the note sued upon was only for the accommodation of the payee therein; which was objected to "as incompetent, irrelevant, immaterial, and attempting to vary the terms of a written instrument by parol evidence." The objection was not well taken. Proof of the purpose for which the note was given was competent and should have been admitted so far as the proffered evidence was a statement of fact and not a conclusion. The latter part of the offer to the effect that Miss Elder told the witness at the time of signing the note that he was signing said instrument for the accommodation of the payee was properly rejected.

A further offer was made to prove a conversation between the president of the Lincoln Safe Deposit Company and the defendant in 1927, and prior to the execution of the note sued on, tending to establish an agreement as to the division of the Iowa property between the two companies; that is, that the Reichenbach Land Company was to receive two-thirds of the land and pay two-thirds of any money advanced by the Lincoln Safe Deposit Company,

and that the Lincoln Safe Deposit Company was to receive one-third of the land and pay one-third of any money advanced. The evidence offered was objected to for the reason "There is not any evidence of any contract in relation to any land in evidence at all." The contract, exhibit 2, while it disclosed that the Iowa land was to be conveyed to the two companies, does not disclose their respective interests in the land. There is in the record evidence that the Reichenbach Land Company had received two-thirds of this land, or 800 acres, and that the Lincoln Safe Deposit Company had received one-third of the land, or 400 acres; that the Reichenbach Land Company had paid two-thirds of the indebtedness remaining after the application of the proceeds of the loan. The written contract being incomplete in failing to show how the land received by second parties thereto should be divided as between themselves, the evidence offered was competent and material under the issues in this case, as it tended to show that the payee of the note had received all of the land to which it was entitled.

On behalf of appellee it is urged that "a person receiving benefit, direct or indirect, upon execution of a note is not an accommodation maker;" and appellee refers to the fact that the defendant was a stockholder and vice-president of the Lincoln Safe Deposit Company, and urges that there was a consideration to him as such stockholder of that company. A number of authorities are cited in support of such proposition, all of which have been examined. In none of those cases were the facts analogous to the instant case, and the holdings there announced are not controlling here. Though the land was conveyed to the company of which the defendant was a stockholder, no part of it became the property of the defendant individually. The corporation and its stockholders are separate entities. *Harrington v. Connor*, 51 Neb. 214, 70 N. W. 911.

It is finally urged by appellee that the excluded evidence, had it been admitted, could not have changed the result of the litigation; and, therefore, the action of the court, if

erroneous, was not prejudicial. But, without expressing any opinion as to the weight of the evidence, it would appear that, had the proffered evidence been admitted, there would have been some issues for consideration by a jury. The judgment of the trial court is

REVERSED.