## SAMUEL GOOCH *vs.* OTIS BRYANT.

The Court of Common Pleas have power to grant leave to amend a writ by striking out after the name of the plaintiff, the words, H. in the County of W. Esquire, and inserting B. in the County of S. and State of M., trader.

The admissions of a third person cannot be given in evidence against the plaintiff on the record, merely because a memorandum that the note sued was the property of such third person, had been made on the writ by the plaintiff's attorney, and afterward erased by him.

The declarations of an agent cannot be given in evidence against his principal, unless made in the actual discharge of the duties of his agency.

The alteration of a figure in the date of a note, proved only by inspection of the note, is not of itself evidence, that the alteration was made after the signature and delivery.

EXCEPTIONS from the Court of Common Pleas;

This was an action of *assumpsit* on a note of hand dated *March* 19, 1824, for $31,78, payable on the 19th of the following *September*, given by the defendant to *Samuel Gooch* or order and witnessed by one *Shorey*; and not endorsed by the payee. The plaintiff was described in the writ as of *Houlton* in the County of *Washington*, Esquire. At the term at which the action was entered the plaintiff's counsel, by leave of Court, amending his writ by striking out the words, " *Houlton* in the County of *Washington*, Esquire," and inserting " *Boston* in the County of *Suffolk* and Commonwealth of *Massachusetts*, trader." At the next term, the defendant's counsel objected to the amendment, and moved to have the writ restored to its original state, but the Court overruled the motion. The general issue was pleaded, with a brief statement of the statute of limitations.

The note had been left with the attorney, who commenced the suit, by one *Whitney*, without stating whose property the note was. The attorney wrote upon the back of the writ the words, " the property of *Ephraim Whitney*," but erased them before the trial. The defendant's counsel contended, that this furnished sufficient evidence of property in *Whitney* to enable him to give *Whitney's* admissions in evidence to the jury; but the Court rejected the testimony offered for that purpose.

The *defendant* then called *Whitney*, as a witness, who testified, that he had no interest in the note, and had been agent of

the plaintiff only for the purpose of calling on the maker for payment, and if it was not paid, leaving it with an attorney for collection; and that he had seen the plaintiff, and informed him of his leaving the note with the attorney, and that he had then nothing to do with the business. The defendant then offered to prove, that *Whitney* had said, that while the note was in his hands, it had been paid by the maker; but the evidence was not admitted by the Court.

One of the figures in the date of the note had been altered, but no evidence was introduced in relation to the alteration, and the fact appeared only from an inspection of the note. The counsel for the defendant contended, that the alteration appearing on the note, was sufficient to avoid it, unless the plaintiff shew, that it was made before the signing and delivery of the note; and also, that the exception in the statute of limitations in relation to witnessed notes did not apply in this case.

*Perham J.*, who presided at the trial, instructed the jury, that a material alteration of a note by the party holding it, after it was made and delivered, would be a good defence; that such alteration would be a fraud, but as fraud was not to be presumed, but must be proved, it was for the jury to determine from their evidence whether such alteration was made at the time of the delivery of the note, or afterwards, and that the alteration would not vitiate the note, unless they were satisfied from the evidence, that it was made after the signing and delivery. The jury were also instructed, that this action, being brought in the name of the promisee, and the note in question being for money, and tested by a subscribing witness, was not within the statute of limitations.

The jury found a verdict for the plaintiff.

*R. K. Porter*, for the defendant, contended :

1. That the Court of Common Pleas had no right to permit the amendment.

2. That the indorsement on the writ was equivalent to proof, that the plaintiff had once said, that the note was the property of *Whitney*; that its erasure amounted to nothing more, than would a statement of the plaintiff that the note was not *Whitney's* property made afterwards, and at a different time ; which would not do away the effect of his previous admission.

3. After *Whitney* was called as a witness, his declarations were improperly rejected. They were competent evidence as the admissions of the plaintiff's agent, and also to prove, that the witness, *Whitney,* was mistaken in a matter of fact. 2 *Starkie's Ev.* 147; 1 *Esp. N. P.* 267; 12 *Wendell,* 105.

4. A material alteration by the holder, whether done fraudulently or not, will vitiate the note. *Chitty on Bills,* 121.

5. In determining whether this note did, or did not, come within the exception in the statute of limitations, as to witnessed notes, the real party in interest, and not the party to the record, should be taken into consideration. It should therefore have been submitted to the jury to determine, whether *Gooch* or *Whitney* was the true party in interest.

*Lowell,* for the plaintiff.

1. The amendment was properly granted. There was no change of parties, but the mere alteration of the place of abode and title. It was allowed without objection, and therefore to be considered the same, as if made by the consent of the defendant. It was a matter of mere discretion in the Judge, and therefore exceptions will not lie. 3 *Greenl.* 183; *ibid.* 216; 3 *Mass. R.* 208.

2. The memorandum on the writ, having been erased, was in itself no evidence. If it had remained without erasure, it ought not to have affected the interest of the plaintiff without shewing that it was put there with his assent. The plaintiff could not call the person making it, because he had indorsed the writ, but the defendant could have shown the truth, and therefore is entitled to no presumptions in his favor.

3. The witness called by the defendant shew, that he had no interest in the note. The declarations offered to be proved were made by the plaintiff's own witness, and at a time, when he was not transacting any business in relation to the note. On either ground, their rejection was right. The declarations of an agent can be given in evidence only, when a part of the *res gesta.* 2 *Phil. Ev.* 78 and 79 and *notes.* 2 *Starkie's Ev.* 43 to 45 and *notes.*

4. The instruction of the Judge to the jury was, in substance, that they were not to presume, that an alteration in the note was

Gooch *v.* Bryant.

made after it was signed and delivered without any proof whatever ; and he left it to the jury to say, when the alteration was made. The instruction of the Judge was right ; and even if it was not strictly so, the verdict was clearly right on the evidence.

5. It is enough, that the case shews, that the property of the note was in the plaintiff, that the action was in his name, and that the note was witnessed. The instruction of the Judge however in relation to the statute of limitations was right. There was no question, as to the facts, and the construction of the statute belongs to the Court.

The action was continued *nisi*, and the opinion of the Court afterwards drawn up by

WESTON C. J. — It was not competent by way of amendment to change the party plaintiff and substitute another ; but if there was a mistake in his addition or place of residence, we have no doubt that either may be set right by amendment.

The note having been handed to the attorney for collection by *Ephraim Whitney*, he erroneously supposed it to have been his property, and made a memorandum to that effect on the writ. As soon as the mistake was discovered, it was erased. It was no part of the writ, or of any indorsement required to be made thereon by law. The rights of the plaintiff are certainly not to be concluded by a memorandum, which he never authorised, and which was put on by mistake. The whole evidence, upon the question whether the note had been transferred to *Whitney*, was fairly left to the jury.

*Whitney* was called as a witness by the defendant. He could not therefore impeach his credit, by showing that he had made contradictory statements elsewhere. Had the note been his property, his declarations would have been admissible, but *that* he disproves by his testimony. It appeared that he was the agent to call for the money ; and if not paid to leave it with an attorney for collection. And it is contended, that as the agent of the plaintiff, *Whitney's* admissions were binding upon him. Any acts or declarations of the agent, while in the actual discharge of his agency, would be binding upon his principal. But what he said at other times is not evidence. It is merely hearsay. He

was a competent witness, and having been called by the defendant as such, the truth of the case, so far as it could be ascertained from him, has been elicited under the sanction of an oath, and the scrutiny of a cross-examination.   1 *Philips' Ev.* 74 ; *Leeds* v. *The Marine Ins. Co.* 2 *Wheaton*, 380.   There was no other evidence of the alteration of the note, than what arose from inspection, from which it appeared, that one of the figures in the date had been altered.   Of the fact there could be no doubt ; but the more important inquiry was, when it was done. · If altered after the signing and delivery, it would vitiate the note ; if before, it would not.   As to the time, no evidence was offered by either party.   The alteration was not in itself proof that it was done after the signature ; it might have been made before.   If the alteration was *prima facie* evidence that it was done after, it must be upon the ground that such is the presumption of law.   But we do not so understand it.   It would be a harsh construction ; exposing the holder of a note, the date of which had been so altered, as to accelerate payment, or to increase the amount of interest, to a conviction of forgery, unless he could prove that it was done before the signature.   It would be to establish guilt by a rule of law, when there would be at least an equal probability of innocence.   But such cannot be the law ; it is a question of evidence, to be submitted to the jury, as was done in the case before us.   And they were properly instructed, that it was a case not within the statute of limitations.

*Exceptions overruled.*