Battle, J.
 

 There is scarcely any question of law upon which there is a greater conflict of decisions in the English and American courts than that which has bben discussed in
 
 *457
 
 the case now under consideration. Mr. Parsons, in bis excellent work on the law of Contracts, says, that “ in the absence of explanation, evident alteration of any instrument, is generally presumed to have been made after the execution of it; and consequently it must be explained .by the party, who relies on the instrument, or seeks to take advantage from it. Such is the view taken by many authorities of great weight. But others, of perhaps equal weight, hold that there is no such presumption; or, at least, that the question whether the instrument was written, as it now stands, before it was executed, or has since been altered, and whether as so altered, it was done with or without the authority or consent of the other party, are questions which should go toa jury, to be determined according to all the evidence in the case.” 2 Par. on Contracts, 228. Yery many cases are referred to in the note (a) to that page, which fully support the remarks of the learned author in the text. See also
 
 Dunn
 
 v. Clements, decided at the last term of this Court and reported,
 
 ante
 
 58.
 

 In most, if not in all the cases, in which the contrariety of decision may be seen, it will be observed that the erasures, interlineations, or rather alterations, were made in deeds, negotiable securities or other instruments, whose nature and character were determined upon or fixed, that is, they either were intended to be, or were, at the time when the alterations were made, deeds, or negotiable securities or instruments of some other particular kind. The instrument, in the present 'case, differs from them all in this particular, that the alteration was made for the very purpose of determining and fixing its character. With a seal, it would be a deed, while, if that were erased, it would become a promissory note. If it were executed as a deed, it could not bind all the partners, but if made as a promissory note, it would have that effect. The plaintiff’s intestate wished, undoubtedly, to take an instrument by which all the partners, with whom he was dealing, should be bound, and the partner who signed the instrument in the name of the firm wished, undoubtédly, to give one by which all the members of the firm should be bound. Under
 
 *458
 
 such circumstances, is it not a fair presumption that the seal was erased, at the time when the instrument was given by the one party and accepted by the other ?• If we are to suppose that the parties to the transaction were apprised of the law applicable to it, the presumption that they acted in accordance with that law, follows as a necessary consequence. Now$. we believe that it is a general rule that in civil, as well- as in criminal cases, parties-are presumed to know the law and act in reference to it, unless the contrary appears; and hence, we conclude that in a case like the present,, where the interest of the parties is in accordance with their manifest intent, the maxim that
 
 omnia presumuntur rite esse acta
 
 must prevail. Ve are, therefore, of opinion that his Honor in the Court below erred, in holding-that it was incumbent upon the plaintiff to show that the obliteration of the seal was made before, or at the time when the instrument sued' upon was executed; and for that error, the judgment must be reversed, and a
 
 venire de novo
 
 awarded.
 

 Pee- CuRjam,
 

 Judgment reversed!