MARIA KAHAI *vs.* KAMAI (w).

EJECTMENT.   BEFORE BICKERTON, J.

DECISION RENDERED MAY 20, 1890.   NOT HITHERTO REPORTED.

If an alteration be made in a conveyance, even after its execution and delivery, and for the benefit of the grantee, if made with the knowledge and consent of the grantor, it will be valid.

If upon the production of an instrument it appears to have been altered, it is incumbent on the party offering it in evidence to explain the appearance or alteration.

DECISION OF ·BICKERTON, J.

This is an action of ejectment to recover an undivided half of a certain piece of land situated in Manoa, Island of Oahu, being the same described in Royal Patent No. 45, to Makaulii.   The plaintiff claims under a deed dated 4th December, 1873, from Kailiulaula, who inherited from his wife Kanekoa, alias Keko, she having inherited from her first husband, Makaulii, the patentee.   In the deed from Kailiulaula there is an interlineation " a me Helu 45," (and also No. 45) and a certificate written in the margin and signed D. Kalakaua, to the effect that the interlineation was written by him with the consent and in the presence of Kailiulaula and in the presence of Kahai and Palohau.

It appears from the date of the deed and acknowledgment, December 4th, 1873, and certificate in the margin dated December 6th, 1873, that this interlineation was made after the execution of the deed.   This deed is objected to by defendant who inherited the other half of said land from said Makaulii, to which claim there is no dispute, nor does the defendant dispute that Kanekoa inherited one-half of said land from said Makaulii.   After a careful examination of the law and authorities, I find that if on the production of an instrument it appears to have been altered, it is incumbent on the party offering it in evidence to explain the appearance or alteration and the intent with which the alteration was made; that it is a matter of act to be ultimately found by the jury (in this case by the

Court) upon proofs to be adduced by the party offering the instrument in evidence. That a document is not affected by its alteration when made by consent of the parties, subsequent to its execution. " What they have made they have a right to vary."

If the alteration was made in the conveyance, even after its execution and delivery, and for the benefit of the grantee, *if made with the knowledge and consent of the grantor* it would be valid. This is all a matter of proof and the burden is on the plaintiff. His Majesty, who was a witness in this case, testifies positively to the fact that he made the interlineation and wrote the certificate in the margin when he was a clerk in the land office in the old Government building ; that he did it at the request of Kailiulaula, he being present together with others, naming them ; that it was done because it was an afterthought of the parties, as they found that the deed did not cover the one-half of the land described in Royal Patent No. 45. This is supported by the evidence of several witnesses, as to the fact that when Kailiulaula returned from Kauai after his wife's death in 1873, he told them he had come down for the purpose of selling these lands to plaintiff, and that he had done so. There is also evidence that plaintiff, about that time, put a man on the land to cultivate it for her on shares until the water was diverted by the Government, when the land remained unoccupied until about three years ago when defendant took possession of the land and leased it to Chinese. I find that the plaintiff has proved what is necessary to establish the deed and make it valid.

The defendant claims that Kailiulaula could not inherit from his wife ; and there was nothing definite as to her death, or that she had no legal heirs surviving her. Certainly the evidence is not very strong on these points, but we have the evidence of several witnesses that she, Keko, told them when she was living at Manoa with her husband that she had no relatives living, and that they were all dead. And the evidence that Kailiulaula told them his wife was dead and that was the reason he came here to sell her lands and return to Kauai to

live. He told Maria Kahai that his wife died in December, 1872, about one year before he came down in December, 1873, the time he made the deed.

Previous to the Act of June 3rd, 1872, the husband could not have inherited any of his wife's estate if there survived her father or mother, or brother or sister. * * * After the Act of 1872 if the wife died leaving statutory heirs, the husband would inherit only one-half of his wife's estate, in this case one-fourth of the land described in Royal Patent No. 45. But the plaintiff claims Kanekoa died leaving no relatives surviving her, and therefore her husband inherited the whole of her estate; is there sufficient proof of this ? It is now seventeen years or more since the deed was made, and it was alleged that she was dead. I think under the circumstances the proof is sufficient to warrant the Court in finding that Kailiulaula inherited the whole of his wife's estate.

The plaintiff claims $150 damages, but has failed to introduce any evidence of damages. None whatever is shown.

Judgment for plaintiff for one-half of the land described in Royal Patent No. 45 to Makaulii, and costs.

*J. M. Monsarrat*, for plaintiff.

*Cecil Brown*, for defendant.