KULUWAIMAKA OKAMURA (w) *v.* MELE KAULANI, W. YIM SAM, YEE KAI YOU, TONG KAU, TRUSTEE FOR TONG CONEY, A MINOR, AND TONG CONEY, A MINOR.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT. HON. H. E. COOPER, JUDGE.

ARGUED DECEMBER 14, 1914.          DECIDED JANUARY 7, 1915.

ROBERTSON, C.J., WATSON AND QUARLES, JJ.

APPEAL AND ERROR—*failure to find material fact—new trial.*

Plaintiff, in an action to quiet title, relied upon a deed to her ancestor in which his initials had been inserted by interlineation; some circumstances impressed upon the face of the deed tended

to show that the interlineations were made before execution, while others tended to show that they were made after execution, but there was no direct evidence to show when they were made; the trial court failed to find whether the interlineations were made before or after execution of the deed, but gave judgment for defendants: Held, that the time of making the interlineations was a material fact and the failure to find when they were made was reversible error for which plaintiff's exception to the decision on the ground that it was contrary to law and the evidence must be sustained, and a new trial granted.

ALTERATION OF INSTRUMENTS—*evidence—presumptions.*

Where a deed, the original draft of which appears to have been altered by interlineations, is introduced in evidence and some circumstances connected with the deed tend to show that the interlineations were made before execution, while others tend to show that they were made after execution, no presumption as to whether the alterations were made before or after execution should be indulged, but the court should find, as a fact, whether the alterations were made before or after execution of the deed.


OPINION OF THE COURT BY QUARLES, J.

The plaintiff commenced this action in the first circuit to obtain a judgment quieting title in her to certain lands which she claims to have inherited from K. A. Kapiioho, her deceased husband. The action was tried by the court, jury waived, and a decision in writing made as follows:

"FINDINGS OF FACT AND CONCLUSIONS OF LAW.

"The findings of fact asked for by the defense are declined, the court making the following findings of its own motion:

"Finds the following facts: The deed dated July 10th, 1888, was originally drawn as a conveyance to Kapiioho, senior; That at some time after the draft of the deed and before its recording the initials 'K. A.' were inserted before the first name 'Kapiioho,' and similarly inserted before the last name in the deed, 'Kapiioho;' That there is no proof that the interlineations were made before execution; That the K. A. Kapiioho mentioned in the deed referred to the son; That the deed was recorded by Kapiioho, senior, and that there has been no manual delivery of the deed to K. A. Kapiioho; That the son, K. A. Kapiioho, had no knowledge of the conveyance until

June, 1900; That K. A. Kapiioho never assumed any dominion or control over the land in question to the exclusion of the father; That Kapiioho, senior, maintained dominion over the land exclusively and completely, with the exception of the request to the son to convey to him under the deed of June, 1900; That the deed of June, 1900, was for the purpose of overcoming the incident of the deed being recorded with the interlined initials; That the intended gift was never revealed by Kapiioho, senior, and never was disclosed by Kapiioho, senior, until the tender of the deed of June, 1900; That the claim that the plaintiff can hold under the deed to 'I.' or 'J.' Kapiioho is not supported by the evidence.

"Conclusions of law: That there is no presumption that the material interlineation was inserted before execution; That the plaintiff claiming under such a conveyance has always assumed and must carry the burden of proof that the interlineation was made before execution and the deed valid to that extent. There can be no successful claim that the widow is entitled to dower in her husband's land if the husband himself could not hold the land under the conveyance.

"The final conclusion of law is that judgment must be entered in favor of the defendants.

"(Sgd)  H. E. Cooper
"First Judge.
"Dated Honolulu, Hawaii, Dec. 23, 1913."

Thereupon judgment was entered that plaintiff has no title to any of the lands and that the title thereto is in the defendants. The plaintiff moved for a new trial, which was denied, and brings the case here upon exceptions. We consider many of the exceptions as immaterial, the serious one being the exception to the conclusions of law, above shown, and to the decision. The trial court did not find, as it should have done, the time at which the changes in the original draft of the deed from Mailou were made, but held that the burden was on the plaintiff to show that such changes were made prior to the execution of the deed. This is tantamount to holding that in the absence of evidence to the contrary the presumption of law is that the changes were made after execution. There is a conflict of authority as

to the presumption, if any, which should be indulged where an instrument is relied upon by a party, and it is apparent that alterations have been made in the same, and there is no evidence to show when such alterations were made; some holding that the presumption of law is that the alterations' were made before execution; others that they were made after execution; and others that no presumption should be indulged. Ever since the days of Lord Coke the presumption of law in such cases in England has been that the alterations were made before execution. The supreme court of the United States has adopted the same rule, and many of the states have followed it. As to deeds, there are few exceptions to the rule; but, as to negotiable instruments, there is much conflict of authority; many courts holding that one who takes a negotiable instrument which has apparently been altered does so with notice, and must be prepared to show that the alterations were made before execution. The weight of authority is in favor of the presumption that an alteration was made before execution where there is no evidence to show when it was made. (*Wilson* v. *Hayes,* 40 Minn. 531; *Stillwell* v. *Patton,* 108 Mo. 352; *Burnett* v. *McCluey,* 78 Mo. 676; *Dorsey* v. *Conrad,* 49 Neb. 443; *Gooch* v. *Bryant,* 13 Me. 386; *North River Meadow Co.* v. *Shrewsbury Church,* 22 N. J. L. 424; *Norfleet* v. *Edwards,* 52 N. C. 455; *Franklin* v. *Baker,* 48 Ohio St. 296; *Cass County* v. *Bank,* 9 N. D. 263; *Rankin* v. *Tygard,* 198 Fed. 804; *Little* v. *Herndon,* 10 Wall. 26; *Hanrick* v. *Patrick,* 119 U. S. 156; *Kleeb* v. *Bard,* 12 Wash. 140; *Blewett* v. *Bash,* 22 Wash. 536; *Arnold* v. *Brechtel* (Mich.), 140 N. W. 610; *Ensign* v. *Fogg* (Mich.), 143 N. W. 82; *Musser* v. *Musser,* 92 Neb. 387; *Cross* v. *Aby* (Fla.), 45 So. 820; *McConnell* v. *Slappey* (Ga.), 67 S. E. 440; *James* v. *Holdam,* 142 Ky. 450; *Gunkel* v. *Seiberth* (Ky.), 85 S. W. 733; *Kilpatrick* v. *Wiley,* 197 Mo. 123; *Colby* v. *Foxworthy,* 80 Neb. 239; *Barber* v. *Mfg. Co.,* 81 Neb. 517; *Trust Co.* v. *Levtzow,* 23 S. D. 562; *Ernster* v. *Christianson,* 24 S. D. 103; *Hagan* v. *Ins. Co.,* 81 Iowa 321.) As

to the authorities holding the burden of explaining an apparent alteration of an instrument to be upon one offering it, and those holding that no presumption exists as to whether an apparent alteration was made before or after execution, see 1 Ruling Case Law, title Alteration of Instruments, Secs. 73 to 82. The case of *Kahai* v. *Kamai,* 8 Haw. 694, was tried by Mr. Justice Bickerton, sitting as a trial court. In that case a deed was offered in ejectment and showed on its face that it had been altered, and a certificate was attached to it showing that the alteration was made two days after execution. Under those circumstances it was held that the party offering it must show that the alterations were made with the knowledge and consent of the grantor. No presumption, in such a case, can be indulged either way, the deed carrying evidence on its face that it had been altered after execution. In the case at bar the trial court points out no feature of the deed showing that the changes in the original draft were made after execution, and we fail to find any such from an inspection of the original instrument. There are certain circumstances impressed upon the deed which should have a bearing in determining whether the changes were made after or before execution. It is probably incorrect to speak of the changes as alterations. If the interlineations were made before execution, there is no alteration of the deed made by the grantor, and the title of the property described in the Mailou deed was conveyed to plaintiff's ancestor. If the interlineations were made after execution, the title was conveyed to some one by the name of Kapiioho, either to plaintiff's ancestor, or to some one else. We will examine the instrument and ascertain the alleged alterations, in what they consist, and how made, judging from the appearance of the deed itself. The alleged alterations consist in inserting in the deed by interlineation, the initial letters, "K. A.," before the name of the grantee in three different places. The ink with which the body of the deed was written is of lighter color than that used in making these interlineations, and was written in what appears to be a

different handwriting. There is another significant interlineation not complained of, found in the closing sentence giving the date of the deed, to wit, the insertion, by interlineation, of the figures and letters "10th" before the month, so as to make the date of the deed read July 10th, 1888. This insertion, by interlineation, and another, the word "and" written between the figures giving the pages of a liber in the office of the registrar of conveyances,—referred to in the deed,—appear to be in the same colored ink as that in which the other interlineations were made. It appears that in making the original draft of the deed, the name of the wife of the grantor, "Maleka," was omitted, but a blank left therefor, which was filled by writing in her name and this appears to have been done with the same ink used in writing the other interlineations. As interlined, the deed bears date July 10th, 1888; it was acknowledged by the grantor and wife on the 11th day of July, 1888, and was filed for record by L. H. Kapiioho, July 12th, 1888.. The title of the deed was endorsed on the back of it in the same color of ink used in making the interlineations, and in filling in the name of the wife of the grantor, and in writing the name of the attesting witness. The evidence shows that L. H. Kapiioho, under whom the defendants claim, and whom they claim to have been the original grantee, was the father of K. A. Kapiioho; that on one occasion the father pointed out some of the land to the son and told him that he (the son) could sell it as it belonged to him· (the son) ; that in June, 1900, the father had prepared and sent to the son a quitclaim deed releasing to the father the lands described in the said deed from John Mailou, in question, but the son refused to execute the said quitclaim deed. There is evidence in the record showing that L. H. Kapiioho declared on one occasion that the name of his son was written in the deed from Mailou at the suggestion of Mr. Dimond. Five witnesses testify to his having said, at different times, one occasion being as late as 1905 or 1906, that his son owned part of the land occupied by him. Other circumstances may be regard-

ed as tending to show that the interlineations were made after execution. Without ruling as to what presumption, if any, should have been indulged by the trial court, we hold, under the circumstances and evidence in this case, that the trial court should have found whether the interlineations complained of were made before or after the execution of the deed.

The defendants contend that under the well established rule that if a judgment is correct for any reason, that an appellate court should maintain it, although the trial court gave an erroneous reason for the judgment; that good reasons are shown by the record in support of the correctness of the judgment; and that the judgment is not contrary to law, nor contrary to the evidence, as is apparent of record, for that, if it be determined that the interlineations were made before execution passing the title to the son, that it was an incomplete gift from the father, not accepted by the son; and that there was no delivery of the deed to the son; and on the further ground that the plaintiff's claim has been defeated by adverse possession in the father, and in the defendants who claim under deed made by the father in 1910. If the deed conveyed title from Mailou to the son, the action of the father in placing it on record for the son should be considered as a delivery to the son, and the father regarded as a self constituted agent for the son. It appears that the first time that the son learned that the deed from Mailou named himself as grantee was in June, 1900, when the father asked him to execute a quitclaim deed. The action of the son should be regarded as an election to accept the gift from his father and retain title; and it amounted also to a ratification of the acts of his father in accepting and recording, as agent for himself, the Mailou deed. The essential elements of adverse possession, in the father, of the land conveyed by the Mailou deed, are not established by uncontradicted evidence, as some of the evidence tends to show that he held this land for his son. We are therefore of the opinion that the exceptions to the decision and judgment and denial of a new trial cannot be overruled on

the grounds contended for by the defendants.

Some evidence was introduced to show the identity of plaintiff's deceased husband as the grantee in another deed in which Keahilele was grantor to "I." or "J." Kapiioho, but we think the trial court did not err in holding the evidence insufficient to establish that fact, hence the exception as to this ruling is not sustained.

The exceptions are sustained, a new trial is granted, and the cause is remanded to the circuit court for further proceedings consistent with the views herein expressed.

*C. F. Peterson* for plaintiff.

*J. A. Magoon* and *A. Lindsay, Jr.,* for defendants.

### CONCURRING OPINION OF ROBERTSON, C. J.

I agree with the conclusion that the judgment should be reversed and a new trial granted.

As to two of the three pieces of land in dispute, plaintiff and defendants deraign title from one Mailou. On July 10th, 1888, Mailou executed a deed which was originally drafted as a conveyance to "Kapiioho, of Honolulu." There was evidence tending to show that this Kapiioho was also known as "Lono," "L. H." and, it seems, as "I." Kapiioho; and that he had a son who lived at Naalehu, Kau, Island of Hawaii, who was variously known as "Kaiakoili," and "Joseph" and "K. A." Kapiioho. Kapiioho of Honolulu conveyed to Mele Kaulani, one of the defendants. Kapiioho of Naalehu died intestate without issue, and the plaintiff, his widow, who has since remarried, claims an undivided one-half of the premises as an heir at law. The deed of Mailou shows upon its face that the initials "K. A." were interlined in three places before "Kapiioho" in a handwriting and ink different from that of the body of the deed except, as explained in the foregoing opinion, that the word "and," the name "Maleka," and the day of the month "10th" were also in a handwriting and ink different from that used by the scrivener who drafted the deed. The name of the grant-

or's wife, Maleka, for the insertion of which a blank space had been left, it is reasonable to presume, was inserted before execution, and if the initials "K. A." are in the same ink and handwriting, it would be *prima facie* evidence that they also were interlined before the deed was executed, and would be sufficient, in the absence of anything to the contrary, to establish the fact. If the initials "K. A." were interlined before execution the title passed by the deed not to Kapiioho senior but to Kapiioho the son, and in that case the plaintiff's claim would be good unless, as contended by the defendants, the father obtained title as against his son by adverse possession. The contention of the defendants is that it was not shown that the initials were interlined before execution, and their theory seems to be that it was an alteration made by Kapiioho senior after the deed had been delivered to him, it being his intention to thereby transfer the title to his son as a gift. Perhaps the circumstances that the description of the grantee was not changed from "Honolulu" to "Naalehu," and that the undertaking on the part of the grantee to pay off a certain mortgage was left as originally upon "said Kapiioho" when it appears not to have been the intention of Kapiioho senior that his son was to assume that burden, tend to support the defendants' theory. If the son's initials were inserted by Kapiioho after delivery of the deed to him the act would not have had the effect of divesting himself of the title and passing it to his son, and the plaintiff would, therefore, have failed to show any title in herself. What has been said has reference only to what an examination of the deed itself discloses. There may be other facts in evidence which tend to support one theory or the other, but the testimony relating to declarations said to have been made by Kapiioho senior to the effect that his son owned an interest in the land is as consistent with the theory that he had made an attempt to transfer the title to his son, which was ineffectual in law, as that the interlineation was made in the deed before its execution.

I think the trial court was right in holding that "there is no

presumption that the material interlineation was inserted before execution." There is a conflict of authority on the question whether an alteration in a deed is to be presumed to have been made before its execution, or afterwards, or whether there is any presumption at all. The weight of authority at the present time seems to favor the rule that as fraud cannot be presumed the presumption must be that a material alteration was made before execution of the instrument, though modern text-writers take the view that the sounder rule is that the question is one of pure fact uninfluenced by any presumption one way or the other. "The modern tendency is to * * * abandon the so-called presumption against fraud * * * and to raise no genuine presumption in that regard," 4 Wigmore on Evidence, Sec. 2525; "This is a safer and better rule," 2 Jones, Real Prop., Sec. 1367; "The better reasoning," 1 R. C. L. p. 1043, §76; "The view best supported by reason, and the one to which the authorities seem tending," 2 A. & E. Enc. Law, 274; "The view best supported by the authorities," 2 Cyc. 243. In the case at bar there is no suggestion of fraud. There is no contention that the initials were inserted by or through the connivance of the son. The deed was placed on record by Kapiioho senior, and the evidence was uncontradicted that the son did not know of its existence until about twelve years after its execution. The reason for the rule that there is a presumption that alterations in deeds were made before execution—that fraud is not to be presumed—having no application here, the rule itself should not be applied. The burden of proof was upon the plaintiff, and subject to the shifting duty to go forward with evidence, it was for her to show that her former husband acquired title under the deed in question. See Wigmore, supra. But in holding that there was "no proof" that the initials were interlined before the execution of the deed, or, as put in its decision overruling the motion for a new trial, "there was no evidence tending to show that the interlineation was made before execution," the court below was in error. True, there was no direct testi-

mony as to when the interlineation was made, probably none was procurable, but there was some evidence, the deed itself at least, upon which a finding could and ought to have been based.

As to the other piece of land in dispute, plaintiff and defendants claim from one Keahilele who conveyed it to "I." Kapiioho, of Kahehuna, Honolulu. I agree in the conclusion that the trial court committed no error in holding that the plaintiff failed to prove her claim of title to that parcel.

### CONCURRING OPINION OF WATSON, J.

The facts in this case are sufficiently stated in the foregoing opinions. I concur in the conclusion that the exceptions must be sustained, the judgment reversed and the case remanded to the circuit court for a new trial,—this for the reason that there is evidence in the case upon which the trial court should have found whether the interlineations complained of were made before or after the execution of the Mailou deed. As I read the opinions of my associates, we are agreed on this point—that there is evidence in the record upon which such a finding should be based. This being true, I am of the opinion that the question discussed in the foregoing opinions as to what presumption, if any, should be indulged *in a case where there is no evidence* is, so far as this case is concerned, academic. On that point I express no opinion, believing, as I do, that it is not involved in the case before us.

I further agree with the conclusion that the plaintiff failed to prove her claim of title to the parcel of land conveyed by one Keahilele to "I." Kapiioho.