207-675.

BENNINGTON STATE BANK, APPELLANT, V. JOHN F. PETERSEN, IMPLEADED WITH WILLIAM MARKMANN, APPELLEE.

FILED MARCH 3, 1926. No. 23747.

1. **Trial.** In a jury trial, the party who, by the pleadings, is required to first produce evidence is entitled to open and conclude the argument to the jury.

2. **Evidence.** In an action on a promissory note, the defense that the note is given for the accommodation of the plaintiff and without consideration may be established by parol evidence.

APPEAL from the district court for Douglas county: ALEXANDER C. TROUP, JUDGE. *Affirmed.*

*Abbott, Rohn & Dunlap* and *Albert S. Ritchie,* for appellant.

*John H. Grossman* and *Baker & Ready, contra.*

Heard before MORRISSEY, C. J., ROSE, DAY, GOOD and THOMPSON, JJ.

GOOD, J.

This is an action by the payee against the makers of three promissory notes to recover the amount due thereon. Judgment by default was entered against defendant Petersen. The other defendant, Markmann, filed an answer in which he admitted the signing and delivery of the notes, but alleged as a defense that he signed them as an accommodation to the plaintiff and without consideration, and upon the understanding and agreement that his name was appended to the notes so that plaintiff could exhibit the notes with his signature to the state bank examiner, and that Markmann was not to be called upon to pay the notes and was to incur no liability by signing them. Plaintiff's reply was a general denial. A jury trial of the issues resulted in a verdict and a judgment thereon for defendant. Plaintiff appeals.

Plaintiff complains of the action of the trial court in permitting defendant to open and close the argument to the jury. Section 8790, Comp. St. 1922, *inter alia,* provides that the party who would suffer defeat, if no evidence were given, must first give his evidence, and that the party required to first produce his evidence shall open and conclude the argument to the jury. Defendant having, by his pleading, admitted the signing and delivery of the notes would, if no evidence had been adduced, suffer defeat. He was therefore first called upon to introduce evidence and was entitled to open and conclude the argument to the jury.

Plaintiff contends that, under the rule that the terms of a written contract cannot be contradicted, altered, or varied by evidence of a prior or contemporaneous oral agreement, defendant is precluded from establishing the defense ten-

dered in his answer by parol evidence. We think the rule is not applicable to the issues and evidence. The real defense is that the notes were signed by Markmann as an accommodation to plaintiff and without consideration. As between the original parties to a promissory note, want of consideration, and that the note was given for the accommodation of the payee, may be established by parol evidence. From the evidence on behalf of the plaintiff, it appears that the notes in question were the second renewals of other notes of like amount, and that the first notes on which defendant Markmann's name appears were signed by the defendant Markmann some time after they had been executed by defendant Petersen, and that they were signed at the request of the cashier of plaintiff bank, and without any consideration and solely as a favor to the bank. It also appears from defendant's testimony that none of the renewals was signed at the request of Petersen, but all were signed at the request of the cashier of the bank, upon the express promise that they were to be used to exhibit to the bank examiner; that the defendant was not to be liable thereon, and that he was to incur no liability by signing the notes. It thus appears that, as between plaintiff and defendant Markmann, the latter was only an accommodation maker who signed the notes without consideration. Such defense may be established by parol evidence.

Plaintiff complains of the remarks of the trial judge in the presence of the jury as to the weight of certain evidence admitted. During the progress of the trial the court, in the presence of the jury, remarked that he would receive certain evidence for what it was worth. The judge did not indicate that he thought the evidence was worth much or little. While it might have been better to have omitted such a remark, we think that it was not prejudicial to plaintiff's cause.

There are other rulings on the admission and exclusion of evidence which are complained of, and complaint is made of the giving and refusal of certain instructions. We have examined all of these assignments and find no error therein.

Since no error prejudicial to plaintiff has been found, the judgment of the district court is

AFFIRMED.