JOSEPH L. HARTMAN ET AL., APPELLANTS, V. RUDOLPH LIPOVSKY ET AL., APPELLEES.

FILED MARCH 18, 1932. No. 28136.

F. L. Carrico, Bernard McNeny, L. A. Sprague and J. S. Gilham, for appellants.

·Waring & Waring and D. B. Massie, contra.

Heard before ROSE, GOOD and EBERLY, JJ., and CARTER and CHASE, District Judges.

CARTER, District Judge.

This is an action brought by Joseph L. Hartman and Rosalin Hartman, plaintiffs below and appellants herein, against Rudolph Lipovsky and John Lipovsky, defendants and appellees herein, for the sum of $2,600 claimed to be due from the defendants to the plaintiffs on a contract for the sale of real estate. The undisputed facts are that on the 17th day of November, 1927, plaintiffs and defendants entered into a contract whereby plaintiffs sold to the defendants 320 acres of land in Clay county, Nebraska, for "the sum of $38,400, payable as follows, to wit: $4,000 in cash, the receipt whereof is hereby acknowledged; $17,200 on February 1, 1928," and the balance of $17,200 on or before March 1, 1928. The evidence also discloses that at the time of the execution of the contract the defendants paid plaintiffs the sum of $1,400 in cash

and delivered two certificates of deposit to plaintiffs in the amount of $2,600, issued by the Blue Valley State Bank of Spring Ranch, Nebraska; that on the 12th day of March, 1928, said bank closed its doors and was on the 7th day of April, 1928, adjudicated to be insolvent; that said certificates of deposit were never paid except a dividend of 8 per cent. which was subsequently paid by the receiver of the bank.

It is the contention of the defendants that it was orally agreed between defendants and plaintiffs that the certificates should be taken for $2,600 without recourse upon the defendants as part payment of the purchase price, and as a part of the $4,000 cash payment, receipt whereof was acknowledged in the contract. In reply thereto the plaintiffs contended that the defendants orally agreed with the plaintiff, Joseph L. Hartman, that if the bank did not pay the certificates the defendants would guarantee the amounts thereof. The case was submitted to the jury who returned a verdict for the defendants. From the overruling of the motion for a new trial the plaintiffs have appealed to this court.

The principal ground for reversal of this case upon which the plaintiffs rely is that the trial court erred in admitting the parol evidence of the defendants tending to show that plaintiffs accepted the two certificates of deposit amounting to $2,600 as cash.

The evidence of John and Rudolph Lipovsky to the admission of which plaintiffs object was substantially as follows: That a few days prior to the execution of the contract John and Rudolph Lipovsky had a conversation with Joseph L. Hartman to the effect that they would give Hartman $35,000 in cash and $3,400 in certificates of deposit for the land in question; that on the following day Hartman informed him that he did not want to take $3,400 of the certificates of deposit, and that he would not take more than $2,600 of the certificates as that would be enough to lose if he had to lose anything at all; that they went to Fairfield, Nebraska, and caused the contract to be

drawn, at which time Hartman stated that he would not take $3,400 in certificates and that $2,600 was all that he would take on the purchase price; that on the following day they took the contract and went to the Security State Bank of Lawrence, Nebraska, where the contract was executed. The defendants further testified that they never, at any time, agreed to pay these certificates of deposit if they were not paid by the bank, and that Hartman never made demand of them for payment. The only demand that was ever made was made by plaintiff's attorney shortly before the commencement of the action. In addition to the above, Rudolph Lipovsky testified that there was some conversation with the attorney who prepared the contract, and the attorney informed them that he was "putting it in there the way he would put it, and he said, 'he is taking them now on the contract.'"

The plaintiffs contend that the above testimony was admitted in evidence in violation of the parol evidence rule. Plaintiffs' position is that the contract recites that the sale of the land was for the agreed sum of $38,400 and as the evidence shows that only $35,800 has been paid that there is still due the plaintiffs the sum of $2,600 unless the facts pleaded in the answer are established by competent evidence and constitute a legal defense to the action.

The evidence produced by the parties is in direct conflict. If the parol evidence complained of was properly admitted it was plainly a case for the jury to determine which to believe, and their verdict could not be disturbed by this court. If, however, this evidence was erroneously admitted in evidence, the defendants' affirmative defense would fail for want of proof.

As a general rule "A written contract, the meaning of which is certain and patent from its terms, may not be varied by direct explanation or interpretation in oral testimony." *Latenser v. Misner*, 56 Neb. 340. The court is of the opinion, however, that the case at bar does not fall within the above rule. In the case under consideration the words "$4,000 in cash, the receipt whereof is

hereby acknowledged," is a recitation of fact and not a contractual part of the contract. This court has held that the acknowledgment of the receipt of the consideration, or a part thereof, is not a contractual part of an agreement and may be explained or contradicted by parol evidence. In the case of *Wells v. Aufrecht,* 96 Neb. 402, Judge Letton, speaking for the court, says:

"Plaintiff contends that the facts pleaded in the answer are insufficient in law to constitute a defense for two reasons: (1) A written agreement cannot be contradicted by proof of a contemporaneous oral agreement, in the absence of fraud or mistake; (2) a party cannot plead his own fraud as a defense, but only the fraud of the opposing party. These principles, of course, are sound, but the trouble is with their application to the facts in this case. The defendant is not attempting to contradict the written agreement any more than the plaintiff is. Both parties acknowledge that the written contract does not express correctly the real facts. Plaintiff asserts that the sum to be paid is correctly expressed, but that the acknowledgment of the receipt of the sum stated is incorrect; that a receipt is always susceptible to parol explanation, but that the defendant cannot impeach the contract as to the amount.

"The actual consideration which is expressed in a deed may be shown by parol testimony. * * * This rule applies also to the consideration in a contract of sale of real estate, where there is no promise to pay depending upon the statement of the amount, but it is only a recital of an executed fact. The rule that the terms of a written contract cannot be varied by parol evidence is based upon the principle that, where parties have reduced to writing an agreement to do or refrain from doing a certain act, the writing will be taken as the best evidence of the terms of the agreement.

"This principle is not applicable here. As to the payment and receipt of the $1,600, the contract merely recites a present condition. No agreement was made to pay

any part of this sum in the future. A like rule to that permitting proof of the true consideration applies as to the recital that the consideration has been paid. * * * We conclude, therefore, that both the real consideration of the contract and whether it was actually paid may be shown by parol testimony."

The case above quoted is decisive of the point involved in this appeal and sustains the trial court in admitting the parol testimony complained of by plaintiffs.

Plaintiffs complain in their brief that one of the instructions given by the trial court "was one not readily understandable by an ordinary jury." After a careful examination of the instructions given, we find them to be free from prejudicial error, and that the case was fairly and impartially submitted to the jury. The evidence adduced at the trial was sufficient to sustain the verdict.

There being no prejudicial error in the record, the judgment is

AFFIRMED.