E. H. LUIKART, RECEIVER, APPELLANT, v. HENRY MEIER-JURGEN, APPELLEE.

FILED MAY 12, 1933. No. 28540.

*F. C. Radke, Barlow Nye, W. A. Crossland* and *James H. Hanley,* for appellant.

*Dwyer & Dwyer, contra.*

Heard before GOSS, C. J., ROSE, DEAN, EBERLY, DAY and PAINE, JJ.

GOSS, C. J.

The receiver appeals from a judgment on the verdict in favor of defendant. Appellant claims the court erred in submitting the case to the jury, in refusing plaintiff a judgment notwithstanding the verdict, and that the verdict was contrary to the evidence and contrary to the law.

George C. Meierjurgen lived in Omaha and had long been a customer of the German Bank of Millard. He owed it upwards of $4,000 when he applied for $4,000 of fresh money on or about March 2, 1926. A. B. Detweiler, the president of the bank, refused a further loan to him, but granted a loan of that sum on a note in favor of the bank signed alone by his brother, Henry Meierjurgen, a farmer of Murdock in Cass county. The

note then made was renewed from time to time, the renewal note in suit having been executed March 2, 1931. The money was credited to the account of George, was used by him, and has not been repaid. The plaintiff also sued on another note for $480 of like date made by defendant to the bank, for the proceeds of which George's account was credited. It was understood and agreed at the time the indebtedness was created, of which these renewal notes are evidence, that the money was to be passed to the account of George in the bank, and this was done. Henry had no account there. George alone got the credit and used the money.

Henry answered, admitting the execution of the notes sued on and of the original notes of which they were renewals, but alleged as a defense that no consideration was paid to defendant therefor, and that the bank represented that, if he would sign the original notes as an accommodation to the bank, he would not have to pay them or interest thereon. The reply of the bank denied this defense.

The court submitted to the jury the questions whether the notes were given by defendant as accommodations to the bank or to George C. Meierjurgen, placing upon defendant the burden of proving by a preponderance of the evidence that the respective notes were given without consideration and as an accommodation to the German Bank of Millard, as a condition precedent to a verdict for defendant. Appellant assigns that the court erred in refusing to direct a verdict at the close of the testimony on behalf of plaintiff, in not sustaining plaintiff's motion for judgment notwithstanding the verdict, and because the verdict was contrary to the evidence and contrary to the law.

This requires a detailed examination of what occurred when the original notes were signed. When George applied for the $4,000 loan, he took Henry with him and left him in the front room of the bank while he interviewed Mr. Detweiler in the private office. He testified

that, after he was refused the loan on the ground stated by Mr. Detweiler, that he had already borrowed all that was permitted by the bank's capital and surplus, he told the banker his brother Henry was outside, and that Detweiler said, "Well, if your brother Henry will sign the note I will let you have the money and never call on him to pay it because I know you will pay it back again;" that when the witness expressed doubt as to whether his brother would sign, the banker said, "Well, I will go out and ask him;" they went out to the front room and Detweiler said to defendant, "George wants some money and I can't let him have it, but if you will sign the note I will let him have the money and never ask you to pay it. George will pay the money." Henry hesitated; he did not like to sign the note, he said; but Detweiler said, "That's all right, you sign it and you will never have to pay it."

Defendant testified that, when Mr. Detweiler and George came out of the back room, Detweiler explained he could not let George have any more money and if he could not get it he (George) would lose a lot of money; that "if I would sign a note that I would never be called upon to pay it; that George would have to pay it, * * * we was kind of arguing about me not wanting to sign it and he told me that, I expect, two or three times before I signed it."

Mr. Detweiler testified that the money was loaned to defendant, that there was no such conversation as related by the Meierjurgens to the effect that George was to pay the note or interest thereon. He admitted he had charged interest on the notes to George's account, and in 1927 he wrote a letter to defendant asking him to have George pay interest, because, he testified, Henry had told him George was going to pay it. Detweiler testified that defendant gave him a property statement at the time the original note was taken and usually gave a new one about once a year; the practice was for borrowers to take up former property statements upon giving new ones. There

is in evidence a very complete property statement from defendant, sworn to by him before Detweiler as a notary public on March 2, 1931, and identified as given at the time of the execution of the notes in suit. Detweiler testified that the fact that George some times paid the interest on defendant's note was a matter between themselves; defendant himself paid the interest at least three times as shown by the records.

The testimony as to the $480 note is not so complete as that relating to the larger one, but the effect of it is similar and raised the issue as to whether it was given by defendant as an accommodation, about as the issue was presented in relation to the other note.

An "accommodation party" is one who has signed an instrument as maker, drawer, acceptor, or indorser, without receiving value therefor, and for the purpose of lending his name to some other person. Comp. St. 1929, sec. 62-206. Henry Meierjurgen was the maker of the notes in suit. He received no value from either George C. Meierjurgen or the bank. He was therefore an "accommodation maker" either for George or for the bank. If he made it for the accommodation of his brother, the fact that the brother received the proceeds would be a good consideration for making the notes and the maker could be held by the bank. This is based on the principle that "The consideration of a contract need not move to the promisor. A disadvantage to the promisee is sufficient, although the promisor derives no benefit therefrom." *Faulkner v. Gilbert,* 57 Neb. 544. On the other hand, if the bank was the party accommodated, then the maker would not be liable at all if it can be shown by parol that the maker was legally assured on behalf of the bank that he would not be called on to pay the note. Ordinarily the terms of a written contract cannot be contradicted, altered or varied by evidence of a prior or contemporaneous oral agreement, but that rule has exceptions. In *Bennington State Bank v. Petersen,* 114 Neb. 420, defendant Markmann pleaded and was allowed

to prove that he signed the notes sued on as an accommodation to the bank, and that he did so at the "request of the cashier of the bank, upon the express promise that they were to be used to exhibit to the bank examiner; that the defendant (Markmann) was not to be liable thereon, and that he was to incur no liability by signing the notes." The opinion states: "As between the original parties to a promissory note, want of consideration, and that the note was given for the accommodation of the payee, may be established by parol evidence." The second point of the syllabus says: "In an action on a promissory note, the defense that the note is given for the accommodation of the plaintiff and without consideration may be established by parol evidence."

While the evidence in the instant case is not so plain as in the one we have just presented, yet there is sufficient from which the jury might find that Detweiler refused the loan direct to George for the reason that the latter had borrowed the legal limit, that the bank desired to have its funds drawing interest, and that the bank was the party accommodated. We regard *Bennington State Bank v. Petersen, supra,* as applicable. No consideration moved from the bank to Henry Meierjurgen, the maker of the notes, if the bank be considered the accommodated party. The district court did not err in submitting to the jury the questions as to whether the notes were given to accommodate the bank or to accommodate George C. Meierjurgen. The finding of the jury concluded the district court on the points raised in the other assignments of error.

For the reasons stated, the judgment of the district court is

AFFIRMED.