CHARLES F. BARTH, APPELLEE, v. CORA REBER ET AL., APPELLEES: NEBRASKA STATE BANK OF MILFORD ET AL., APPELLANTS.

280 N. W. 219

FILED JUNE 15, 1938. No. 30287.

*George I. Craven,* for appellants.

*Charles F. Barth* and *J. J. Thomas, contra.*

Heard before Goss, C. J., Eberly, Day, Paine, Carter and Messmore, JJ.

Day, J.

This was a suit to foreclose a mortgage on the property of Reber. The validity and regularity of the mortgage are not presented by the appeal, but rather the validity and priority of two different assignments of the mortgage. A brief summary of the facts seems necessary to a determination of this case. In the beginning, Reber was indebted to Jarrett in the sum of $600. Jarrett enlisted the aid of the bank in the collection of this debt. To accomplish this, Koenig, the cashier and managing officer of the bank, took a mortgage to Jarrett to secure this $600, and an additional $550 as well. This mortgage was assigned at once to the bank by Jarrett. There is evidence in the record that Reber required $550 more in his business, and the additional amount was to establish this credit. The bank closed soon thereafter for insolvency, and this assignment, together with the note, was found in the note case of the Nebraska State Bank of Milford, and is one of the assignments involved in this case. The evidence is that Jarrett did not receive any consideration for his $600 interest in the note. It was contended, and the trial court found, that this interest was assigned to the bank only for collection. Reber also testifies that he did not receive $550 nor any other sum as consideration for the note over the $600 he owed Jarrett. A witness stated that Jarrett had numerous unpaid checks, carried as cash items by the bank, which were taken up by the assignment of the $600 interest in the note. The assistant cashier and bookkeeper who worked in the bank at the time stated this was not a fact. The records of the bank do not show any such transaction, and do not aid in the de-

termination of the question. The assistant cashier heard the conversation between Koenig and Jarrett, and that the note and the assignment were for the purpose of collection only. Two days before the bank closed $400 was indorsed on the Reber note as payment, but it is not disclosed who paid the money. Reber emphatically denies that he paid anything on the note. Soon after the bank closed Jarrett, upon inquiry, was told by Koenig that the transaction did not go through and was entirely eliminated.

About three years later Jarrett was indebted to Barth in the sum of $800, and he assigned his $600 interest in the note and mortgage to him. Barth is a party to this suit and claims under his assignment to the extent of $600. The other party is the receiver, or his assignee, of the Nebraska State Bank of Milford, who claims ownership under the first assignment heretofore described.

The appellants invoke the general rule that, where an agreement between parties has been reduced to writing, parol testimony cannot be introduced to vary or modify the written contract. The assignment recites the receipt of certain money by the assignor. From the evidence, except from the rather indefinite testimony of Koenig, it appears that Jarrett did not receive anything from the bank.

May the nonpayment of the recited consideration be proved by parol? This court has held previously, as cited, that the true consideration for a deed may be shown. In *Goodman v. Smith*, 94 Neb. 227, 142 N. W. 521, this court held: "The true consideration for a deed of conveyance of real estate may be shown by parol evidence, although the deed recites a consideration." Of a like import is the holding in *Logan Valley Bank v. Christensen*, 98 Neb. 49, 151 N. W. 939. More recently this court, in *Hartman v. Lipovsky*, 122 Neb. 823, 241 N. W. 563, said: "As a general rule 'A written contract, the meaning of which is certain and patent from its terms, may not be varied by direct explanation or interpretation in oral testimony.' *Latenser v. Misner*, 56 Neb. 340. The court is of the opinion, however, that the case at bar does not fall within the above rule. In

the case under consideration the words '$4,000 in cash, the receipt whereof is hereby acknowledged,' is a recitation of fact and not a contractual part of the contract. This court has held that the acknowledgment of the receipt of the consideration, or a part thereof, is not a contractual part of an agreement and may be explained or contradicted by parol evidence." In that case it was also held: "The true facts as to the consideration, or a part thereof, named in a written contract can be varied by parol evidence, when it is merely a recitation of fact and not contractual or promissory in its nature."

In the case of a note, parol evidence is admissible to show that it was given for accommodation and without consideration. *Luikart v. Meierjurgen*, 124 Neb. 816, 248 N. W. 379. A review of our cases caused one to state: "That the contract was lacking in consideration from its inception may be shown by extrinsic evidence, providing the proof thereof does not contradict or vary the contractual consideration named in the written contract; however, it may be shown that the contractual consideration named in the instrument was not in fact paid or received. This is based upon the fundamental principle that parol or extrinsic evidence, which tends to establish the nonexistence of the contract as a valid and effective instrument, cannot be said to contradict or vary the terms thereof, the latter applying only to instruments which are legally operative as contracts. The admission of extrinsic evidence to establish the actual consideration of any instrument is, of course, for the purpose of establishing want or failure of consideration, or the illegality thereof." 4 Neb. Law Bulletin, 137.

The rule applicable to this case may be stated to be that the consideration stated in a written contract, if merely a recitation of fact, may be varied or modified by parol evidence to establish the actual consideration of any contract.

As applied to the assignment given by Jarrett to the bank, it means that one can show by extrinsic or parol evidence that there was a want or failure of consideration as to the assignment. The true consideration for the original

note may be shown. In this case it is apparent that the finding of the trial judge was correct in that there was no consideration for the assignment by Jarrett to the bank, and that the only consideration for the original note was the $600 debt which Reber owed Jarrett. This court concludes that the findings of the trial court that the note was assigned to the bank for collection only, and that the assignment to Barth later was good as to $600, the only sum Jarrett ever claimed due him from Reber, are correct and its judgment is

AFFIRMED.