IN RE ESTATE OF MARGARET WEITZEL.
ELIZABETH BRILL, APPELLEE, V. CONRAD WEITZEL, EXECUTOR, APPELLANT.

280 N. W. 270

FILED JUNE 17, 1938.   No. 30269.

*Evans & Lee,* for appellant.

*George I. Craven* and *Walker & McArthur, contra.*

Heard before GOSS, C. J., ROSE, EBERLY, DAY, PAINE, CARTER and MESSMORE, JJ.

GOSS, C. J.

Elizabeth Brill had a verdict and judgment for $4,000 against the estate of her mother, Margaret Weitzel, de-

ceased. Her brother, Conrad Weitzel, as executor of the estate, appealed.

The record shows that Elizabeth Brill filed her claim in the county court for services in caring for her mother from October 14, 1922, to May 10, 1935 (except for periods aggregating about one year), at a monthly rate of $50 or a total of $7,100, on which claim she credited $2,000 as the reasonable value of a home conveyed to her by her mother on December 17, 1925, leaving a balance claimed of $5,100. The county court dismissed this claim and she appealed and tried the cause to the jury in the district court, with the result heretofore indicated.

In the district court Elizabeth Brill alleged that, upon the death of her father, George Weitzel, on October 14, 1922, the mother, Margaret Weitzel, and Elizabeth Brill and her husband, Peter Brill, entered into an oral agreement by which the Brills agreed to remain in the house owned by Margaret Weitzel and "to attend to all things necessary to the wants of Margaret Weitzel, including food, personal attention, medical attention, and the necessary comforts of life. In consideration therefor Margaret Weitzel promised and agreed to convey or devise to Elizabeth Brill the house owned by Margaret Weitzel, and in addition thereto to pay to Elizabeth Brill the reasonable value of her services, in addition to any and all devises or bequests that Margaret Weitzel might confer upon plaintiff by her last will and testament;" that plaintiff performed all the terms of the agreement from the death of George Weitzel on October 14, 1922, until the death of Margaret Weitzel on May 10, 1935; that on December 17, 1925, Margaret Weitzel, pursuant to her promise, did convey the house to plaintiff by warranty deed but plaintiff did not read the deed at the time, "but afterwards, in September, 1932, did read the deed, and then discovered for the first time that said deed is ambiguous and contradictory, and that although said deed purports to be in performance of the oral agreement between Elizabeth Brill and Margaret Weitzel it does not set out said agreement in full."

It is not necessary to state more than briefly the long answer filed by Conrad Weitzel, the executor. By general denial and by specific allegations it raises the necessary issues. It pleads the provision in the deed referred to by Elizabeth Brill in her petition and alleges that by accepting the same she is estopped to deny that it embodied the contract between her and her mother for payment of her services for care of the mother.

The deed is in evidence. It was executed by Margaret Weitzel in the presence of two disinterested witnesses on December 17, 1925, and recorded two days later. It was delivered to Mrs. Brill. She claims she put it in her safe deposit box and never read it until 1932. The deed contained these words: "This deed is given in consideration of Elizabeth Brill, daughter of the grantor, having taken care of grantor since October 4, 1922, and in consideration of the daughter, Elizabeth Brill, furnishing the grantor, her mother, Margaret Weitzel, a proper home, with all necessary food and medical attention and all proper care or attention necessary for the grantor, Margaret Weitzel, during her life. Upon the grantee, Elizabeth Brill, having taken care of the grantor, Margaret Weitzel, during her life and upon the death of Margaret Weitzel, the aforesaid property shall vest in fee simple in said Elizabeth Brill."

All through the trial the executor had, and now has, presented the theory that the provision of the deed was contractual in its nature and could not be varied by parol evidence. He objected to the introduction of parol evidence to vary the contract as expressed in this deed, and moved for a directed verdict at the close of plaintiff's evidence and at the close of all the evidence, but was overruled on the theory that parol evidence could be considered. Upon the proper decision of this point of law the controversy hinges.

In the consideration of this question it should be noted that there was no attempt to reform the deed; no pleading sought that end. There was no ambiguity in the deed. Its words are clear and uncontradictory. It purports to state the full contract between the parties.

We think it is not really necessary to cite cases beyond this jurisdiction to arrive at the law on this subject.

The rules applicable to the present case seem to be well-stated in the following points of the syllabus in a prior case:

"Where the statement in a written instrument as to the consideration is more than a mere statement of fact or acknowledgment of the payment of a money consideration, and is of a contractual nature, parol or extrinsic evidence is not admissible to vary or contradict the consideration expressed.

"The rule that parol evidence is admissible to prove that contemporaneously with, or preliminary to, the execution of a written contract the parties entered into a distinct oral agreement on some collateral matter or as a condition on which the performance of the written contract is to depend, does not apply where the written contract is complete in itself and unambiguous, and where it expresses a contractual consideration." *Spiegal & Son v. Alpirn,* 107 Neb. 233, 185 N. W. 415.

This case was followed, and similar rules announced, in *Weidenfeld v. Olson,* 132 Neb. 303, 271 N. W. 806.

In *Hartman v. Lipovsky,* 122 Neb. 823, 241 N. W. 563, parol evidence was held admissible, but the rule carefully stated the exception applicable to a case such as the present one: "The true facts as to the consideration, or a part thereof, named in a written contract can be varied by parol evidence, when it is merely a recitation of fact and not contractual or promissory in its nature."

In a very recent case we held: "When the consideration of a contract is promissory or contractual in its nature, it cannot be varied by parol agreement." *Chalupnik v. Brant,* 134 Neb. 465, 279 N. W. 159. The opinion cites 4 Neb. Law Bulletin, 132, sec. 10. Section 11, on page 134, of that article, treats of deeds and says: "In so far as a deed is deemed to be contractual, it is subject to the parol evidence rule the same as any other contract."

The deed here contained a very complete contract for the

support of the mother. It was in no way ambiguous or contradictory. There was shown no fraud in its procurement. It was delivered and recorded and the daughter had it in her possession among her private papers for seven years before she even questioned it. True, she now says she did not read it during that period. When probate of her mother's estate was commenced, she sought to be appointed executrix and, as we gather from the record, was first appointed to that position. Before she was appointed the county judge asked her, as he testified in this case, if she had any claim against her mother's estate and she answered in the negative. That was on September 11, 1935, three years after she admitted she had read the deed. She was thereupon appointed sole executrix, but when she produced this claim she was superseded by her brother, the present executor. She will not now be heard to say that she did not read the deed and did not know its contents. She may not have realized the legal effect of the contract for her mother's support, but if she made an improvident contract it cannot be cured by the courts; the matter should have been taken care of by a mutual contract between herself and her mother during the lifetime of the mother. The courts cannot make or recognize any contract for the parties; the parties are bound by the contract which they made in writing themselves.

We are of the opinion the trial court erred in admitting oral testimony of another or different contract than that contained in the deed, and erred in submitting the case to the jury. We think the executor was entitled to a judgment.

For the reasons stated, the judgment is reversed and the district court is directed to cause judgment to be entered for the executor of the estate.

REVERSED.